**PILGRIM BADGE & LABEL CORP.,**
Plaintiff, Appellant,

v.

**Alfred A. BARRIOS,**
Defendant, Appellee.

No. 88–1365.

United States Court of Appeals,
First Circuit.

Submitted July 7, 1988.

Decided Sept. 8, 1988.

As Amended Oct. 4, 1988.

John M. Skenyon, Charles Hieken, and Fish & Richardson, Boston, Mass., on brief, for plaintiff, appellant.

Eliot G. Disner, Andra M. Finkel, Disner Law Corp., Los Angeles, Cal., William F. York, and Gilman, McLaughlin & Hanrahan, Boston, Mass., on brief, for defendant, appellee.

Donald H. Maffly, Chandler, Wood, Harrington & Maffly, San Francisco, Cal., Alex C. McDonald, McDonald, Hecht & Solberg, San Diego, Cal., for defendant, appellee Harry L. Summers.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Pilgrim Badge and Label Corporation ("Pilgrim") appeals from a dismissal of its complaint for lack of personal jurisdiction. For reasons discussed below, we vacate the district court's judgment of dismissal and remand for further proceedings.

*Background*

Pilgrim, a Massachusetts Corporation, filed a declaratory judgment action in the United States District Court for the District of Massachusetts against Alfred A. Barrios ("Barrios"), an individual who is a resident of California. Pilgrim filed its complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and alleged jurisdiction pursuant to diversity of citizenship, 28 U.S.C. § 1332(a). Pilgrim further alleged that venue was proper in Massachusetts pursuant to 28 U.S.C. § 1391(a). In its complaint, Pilgrim sought a declaration that it was not liable for royalty payments which Barrios had claimed were owed to him under a license agreement entered into between the parties in August of 1984. According to the complaint, by that agreement Barrios granted Pilgrim the right to use trademarks and copyrights owned by Barrios on certain "biofeedback cards" or "stress cards" manufactured and sold by Pilgrim. In return for its use of the trademarks and copyrighted material, Pilgrim agreed to make royalty payments to Barrios. On July 27, 1987, Barrios demanded payment from Pilgrim of $521,214.00 in additional royalties. In his demand letter, Barrios threatened

suit if "an immediate settlement proposal [was] not then forthcoming ...".[1] On July 30, 1987, Pilgrim filed the declaratory judgment action which is the subject of this appeal.

On January 4, 1988, Barrios filed a motion to dismiss for lack of proper venue, pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a), or, alternatively, for an order transferring the action to the Central District of California, pursuant to 28 U.S.C. § 1404(a), and consolidating the Massachusetts case with the case pending in the Central District Court of California. (See note 1, *supra.*) No objection to personal jurisdiction over Barrios was raised in his motion to dismiss.

In his motion to dismiss, Barrios argued that the underlying claim is based in substantial part upon a federal question, inasmuch as copyrights and trademarks are involved in the case. Barrios argued, therefore, that 28 U.S.C. § 1391(b) is the controlling venue provision. Thus, the action could be brought only in California, where the defendant resides. *See* 28 U.S.C. § 1391(b). Barrios argued in the alternative that the action should be transferred to the Central District of California, pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interests of justice ...". 28 U.S.C. § 1404(a). Pilgrim filed an opposition to Barrios' motion to dismiss. Pilgrim disputed Barrios' claim that the action is based upon a federal question. Rather, Pilgrim argued that the case involves a contract dispute, that jurisdiction is based solely on diversity of citizenship, and, therefore, that 28 U.S.C. § 1391(a) is the controlling venue provision. Thus, the action was properly brought in Massachusetts, where the plaintiff resides. *See* 28 U.S.C. § 1391(a). Pilgrim also disputed Barrios' argument that the action should be transferred to California, as the more convenient forum. *See* 28 U.S.C. § 1404(a).

On February 25, 1988, the district court in a memorandum and order, *sua sponte,* dismissed the action for lack of personal jurisdiction. The court found that, on its face, the complaint stated a contract action and that Massachusetts is the proper venue of the action. The district judge held, however, "that there is no personal jurisdiction over the defendant ... [since] the district court has no jurisdiction to effect service of process out of its district except in accordance with a specific federal statute or in accordance with the 'long-arm' statute of the state wherein the district court is located." The district judge found that the complaint relied upon no federal statute, that the complaint alleged no facts which would warrant the application of the Massachusetts' "long-arm" statute, Mass.Gen. Laws ch. 223A, and that the defendant, in his affidavit in support of his motion to dismiss for *improper venue*, established his lack of contacts with Massachusetts which would defeat assertion of personal jurisdiction. The district judge further found that "personal jurisdiction has not been waived, ... even though counsel failed to argue it." Although the district judge noted a *possible* further ground for dismissal, namely, abuse of the declaratory judgment procedure, the court dismissed the complaint on the sole ground of lack of personal jurisdiction over the defendant.

On appeal from the district court's judgment of dismissal, Pilgrim argues that Barrios waived any objection to lack of personal jurisdiction by failing to specifically raise the issue in his motion to dismiss and that the district court could not, *sua sponte,* dismiss the complaint for lack of personal jurisdiction. Appellant also argues that it was error for the district court to have dismissed the complaint for lack of personal jurisdiction without giving the plaintiff an opportunity to conduct discovery or present evidence on the issue. In response, Barrios argues that the district court's error, if any, in dismissing the complaint for lack of personal jurisdiction was harmless.

---

1. On December 23, 1987, Barrios' successor in interest, SPC Center Inc. Los Angeles ("SPC"), filed suit against Pilgrim in the United States District Court for the Central District of California. SPC claimed damages on grounds, *inter alia,* of breach of contract, trademark and copyright infringement.

Barrios argues that there are alternative grounds for this court to affirm the district court's order of dismissal, namely, that the record supports dismissal either for abuse of the declaratory judgment procedure or for improper venue. Barrios also contends that if this court finds an absence of grounds upon which to affirm the district court's order for dismissal, we should remand the case to the district court and order that the action be transferred to the Central District of California as a related case to the action filed by SPC against Pilgrim.

*Dismissal for lack of personal jurisdiction*

In his motion to dismiss, Barrios sought dismissal of the action on the sole ground of improper venue. No objection to personal jurisdiction was made. Nonetheless, the district court found that the issue was before the court and dismissed the complaint for lack of personal jurisdiction. The district court determined that the defendant had not waived the defense, despite the fact that the defendant's counsel did not raise any objection to personal jurisdiction in the motion to dismiss.

█ Rule 12 of the Federal Rules of Civil Procedure provides for strict waiver with respect to certain specified defenses, including the defense of lack of personal jurisdiction. Section (g) of Rule 12 provides, in part: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, *the party shall not thereafter make a motion based on the defense or objection so omitted ...*". (Emphasis added.) Section h(1) of Rule 12 provides, in part, "A defense of lack of jurisdiction over the person ... is waived ... if omitted from a motion in the circumstances described in subdivision (g) ...". As the Advisory Committee's notes to subdivision (g) of the Rule indicate, Rule 12 precludes "a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could

have included, but did not in fact include therein." Similarly, the Committee's notes to Rule 12(h)(1)(A) state that "certain specified defenses, which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived." The specified defenses include lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process. The purpose of Rule 12(g), (h) is to eliminate the presentation of these defenses in a piecemeal fashion. Thus, "[s]ubdivision (g) contemplates the presentation of an omnibus preanswer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." 5 Wright & Miller, *Federal Practice & Procedure:* Civil § 1384 at 837 (1969).

█ Based on this reading of Rule 12, it seems clear that Barrios waived the defense of lack of personal jurisdiction by failing to raise the defense in his motion to dismiss and we are unable to discern the basis for the district court's unexplained conclusion that the defense had not been waived. *Cf. Glater v. Eli Lilly & Co.,* 712 F.2d 735, 738 (1st Cir.1983) (exception to strict waiver rule where the defense was not available at the time defendant filed its answer). Moreover, the caselaw appears uniform in concluding that a district court has no authority, *sua sponte,* to dismiss for lack of personal jurisdiction. Unlike subject matter jurisdiction, personal jurisdiction may be acquired in a number of ways, including voluntary appearance. A defendant who files a responsive pleading, but who does not object to the personal jurisdiction of the court, has, in effect, consented to the court's jurisdiction. *See Kapar v. Kuwait Airways Corp.,* 845 F.2d 1100, 1105 (D.C.Cir.1988) (where defendant moved to dismiss for lack of personal jurisdiction and then voluntarily withdrew the motion, the district court had no authority to dismiss, *sua sponte,* for lack of personal jurisdiction); *Williams v. Life Sav. & Loan,* 802 F.2d 1200 (10th Cir.1986) (per curiam) (district court may not *sua sponte* dismiss for lack of personal jurisdiction ex-

cept when a default judgment is to be entered; "the court may not *sua sponte* consider defects in personal jurisdiction on behalf of parties who may choose to waive the defects or subject themselves to the court's jurisdiction in any event." *Id.* at 1203); *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978) (where defendants had moved to dismiss on the ground that the action was barred by the statute of limitations, but had failed to object to personal jurisdiction, the defense of lack of personal jurisdiction had been waived, and the defendants had submitted to the personal jurisdiction of the court; the district court, therefore, lacked authority to dismiss *sua sponte* for lack of personal jurisdiction); *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir.1969) (per curiam) (where defendants moved to dismiss solely on statute of limitations grounds, it was error for the district court, on its own motion, to dismiss for lack of personal jurisdiction). We therefore vacate the district court's judgment dismissing the action for lack of personal jurisdiction and remand for further proceedings.

Barrios contends that, even if the district court erred in *sua sponte* dismissing the complaint for lack of personal jurisdiction, we should affirm the dismissal on the alternative ground that the action was an abuse of the declaratory judgment procedure. The district court proposed this theory only as a *"possible* further ground" for dismissing the action. We decline to consider this possible alternative ground for dismissal. Upon remand, the parties may address this matter in greater detail before the district court, which is not precluded from giving further consideration to this contention.

Barrios also suggests that dismissal was the appropriate result because, contrary to what the district court determined, Massachusetts was not the proper venue. If not dismissed, Barrios suggests that, as he argued to the district court, the case should be transferred to the Central District of California. We, like the district court, believe that venue appeared proper *prima facie* under 28 U.S.C. § 1391(a), and we substantially adopt the district court's reasoning in that regard. As to transfer of

venue, Barrios did not file a cross-appeal and we therefore decline to address the point.

VACATED AND REMANDED.