**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HAJA MAMMIE SOWAH,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-1760

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-484-200)

Submitted: October 31, 1997

Decided: December 17, 1997

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Carrie Crawford, Laurel, Maryland, for Petitioner. Frank W. Hunger,
Assistant Attorney General, Civil Division, William J. Howard,
Senior Litigation Counsel, Quynh Vu, Office of Immigration Litiga-
tion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Haja Mammie Sowah petitions for review of the decision of the Board of Immigration Appeals ("the Board") summarily dismissing her appeal. Sowah, a native and citizen of Sierra Leone, entered the United States as a nonimmigrant visitor in 1988. In 1994, in an order to show cause, the Immigration and Naturalization Service ("INS") charged her with deportability for having remained beyond the six-month period authorized by her nonimmigrant visa. Sowah, who was represented by counsel throughout the proceedings, was found deportable at a deportation hearing. Sowah moved for suspension of deportation.

After taking testimony at a subsequent hearing, the Immigration Judge ("IJ") found that Sowah was not eligible for suspension of deportation. The IJ also found that Sowah was not eligible for voluntary departure because she failed to demonstrate good moral character and ordered her deported. Through counsel, Sowah filed a notice of appeal with the Board in which her counsel indicated that a brief would be filed in support of the appeal. No brief was ever filed. The Board summarily dismissed the under 8 C.F.R. §§ 3.1(d)(1-a)(I)(A), (E) (1996), noting that the statements submitted with the notice of appeal did not apprise the Board of the reasons underlying the appeal, nor was a separate brief or statement filed. Sowah then petitioned for review in this Court. We deny the petition for review.

The Board may summarily dismiss an appeal if the appellant: (1) fails to specify on the notice of appeal the reasons for the appeal or (2) states that a brief or statement will be filed and does not file such a brief or statement. See 8 C.F.R. § 3.1(d)(1-a)(A), (E); Toquero v. INS, 956 F.2d 193, 196 (9th Cir. 1992) (affirming dismissal when notice of appeal "did not indicate which facts were in contention and how the [IJ] misinterpreted the evidence"); Lozada v. INS, 857 F.2d

2

10, 13 (1st Cir. 1988) (summary dismissal proper when Board was "left guessing at how and why petitioner thought the court had erred"); Townsend v. INS, 799 F.2d 179, 181-82 (5th Cir. 1986) (affirming Board's summary dismissal when notice of appeal merely claimed that alien sufficiently established his well founded fear of persecution).

Section 3.1(d)(1-a)(I)(A) requires the appellant to do more than merely assert that the IJ was in error. The appellant must give an indication to the Board of "what was wrong about the immigration judge's decision and why." Medrano-Villatoro , 866 F.2d at 133-34. If the issue is one of law, supporting authority should be included. If the issue is fact based, there should be reference to the "particular details contested." Toquero, 956 F.2d at 195.

Sowah contends that her notice of appeal sufficiently stated "specific facts" and put the Board on notice that she was contesting the IJ's "interpretation of the facts and his application of legal standards of proof." On the contrary, Sowah's notice of appeal merely stated that the IJ erred in making certain findings. Sowah does not give any indication as to whether the IJ's alleged errors were due to a failure to correctly apply the law or to fully consider all the facts. There was no statement regarding any facts that may have been overlooked, nor was there any reference to any legal standard. Clearly, the notice of appeal did not state why the IJ was wrong. Because the Board was not obligated to engage in speculation or construct sufficient arguments for Sowah, dismissal was proper and not an abuse of discretion. Sowah's failure to file a brief or statement prior to the filing deadline also provided sufficient grounds for the Board's summary dismissal of the appeal. See Toquero, 956 F.2d at 196.

For these reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED