**COMAR, INC., Plaintiff,**

**v.**

**AMERICAN GUARANTEE LIABILITY INS. CO., et al, Defendants.**

**No. Civ. 01–2056(HL).**

United States District Court,
D. Puerto Rico.

Nov. 30, 2001.

Gregory T. Usera–Macfarlane, Anabel Rodriguez–Alonso, Schuster Usera Aguilo & Santiago, San Juan, PR, for plaintiff.

Ivan M. Fernandez, San Juan, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion to dismiss for lack of personal jurisdiction or to transfer for improper venue filed by Defendant American Guarantee Liability Insurance Company ("AGL"). Plaintiff is Comar, Inc., a New Jersey corporation with its principal place of business in that same state. AGL has its principal place of business in Illinois. This case is based on a "Global Engineered Risk Policy" issued to Comar by AGL and Zurich–American Insurance Group, who is also named as a defendant.[1] The policy covered a number of business premises, including property at the Puerto Real Industrial Park in Fajardo, Puerto Rico. This property was used by Comar's subsidiary, Comar Puerto Rico, Inc., as a manufacturing facility. The policy provided coverage in the event of a loss of business income sustained due to the "necessary suspension" of operations.[2] Comar claims in its complaint that in 1998 Comar Puerto Rico's operations were suspended due to damages caused by Hurricane Georges, that Comar lost business as a result of this suspension, and that it subsequently filed a proof of loss under the policy. Comar further claims that Defendants refused to pay this proof of loss. It is this alleged loss for which Comar seeks compensation in the present case. This Court has jurisdiction based on diversity of the parties.[3]

### 1. Personal Jurisdiction

AGL has responded with the motion that is presently before the Court. Its argument on personal jurisdiction is, to say the least, sparse. Only two paragraphs mention the doctrine.[4] One other paragraph, although it does not explicitly mention personal jurisdiction, makes points that could be applied to this issue.[5] Thus, AGL does not provide the Court with much in the way of developed legal reasoning on what is a complicated issue. *See Cruz–Erazo v. Rivera–Montañez*, 212 F.3d 617, 622 n. 3 (1st Cir.2000) (Noting that a court is not obliged to dream up arguments for a party). AGL's argument is the following: Comar does not allege in its complaint that AGL transacted business or had offices in Puerto Rico; the contract was executed in Illinois; Comar is a resident of New Jersey and AGL is a resident of Illinois; any losses would have occurred in New Jersey; and any breach would have occurred in Illinois. Therefore, AGL asserts, the Court does not have jurisdiction over it.

In order for a court to be able to make a binding decision which conforms with due process, the court must have personal jurisdiction over each party to the case. *United States v. Swiss American Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir.1999). In ruling on this issue, the court has a

---

1. In an informative motion, AGL states that Zurich–American Insurance Group is a trade name used by a group of insurance companies and that it is not a legal entity. Docket no. 10. Accordingly, for purposes of AGL's motion to dismiss only, the Court will assume that AGL is the sole defendant in this case.

2. Docket no. 1, Attached copy of policy.

3. 28 U.S.C.A. § 1332 (West 1993 & Supp. 2001).

4. Docket no. 5, ¶¶ 3 & 9.

5. Docket no. 5, ¶ 5. AGL's motion contains two paragraphs numbered "5." The second of these paragraphs, the one appearing at pages 2 – 3, is the one which makes an argument which could be applied to the personal jurisdiction issue.

number of different standards by which it may review the record to determine whether the plaintiff has met its burden. *See Boit v. Gar–Tec Products, Inc.*, 967 F.2d 671, 674–78 (1st Cir.1992). In the present case, the Court will use the "prima facie" standard. Under this standard, a plaintiff must make a showing as to each fact required to satisfy both the local forum's long-arm statute and the Constitution's due process clause. *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83–84 (1st Cir.1997). The district court does not sit as a factfinder; rather, "it ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction." *Id.* at 84.

■ In the present case, the Court need not perform an exhaustive exposition on the personal jurisdiction doctrine. First, as noted above, AGL has done little in the way of presenting a developed argument on this issue, and the Court is loathe to do counsel's homework for him. *See Cruz–Erazo*, 212 F.3d at 622 n. 3; *United States v. Candelaria–Silva*, 162 F.3d 698, 707–08 (1st Cir.1998); *Jackson v. United States*, 156 F.3d 230, 234 (1st Cir.1998); *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir.1990). Second, AGL's position cannot avoid one irreducible fact: it has insured a property in Puerto Rico. Generally, an insurer who insures a property in a given jurisdiction has purposefully availed itself of doing business in that jurisdiction, and it will be reasonably foreseeable that the insurer might be hauled into court in that forum. Thus, the insurer, even though it may have no physical presence in the jurisdiction would be subject to that forum's personal jurisdiction. *See Puerto Rico v. SS Zoe Colocotroni*, 628 F.2d 652, 667–70 (1st Cir.1980); *Amer. & Foreign Ins. Ass'n v. Commercial Ins. Co.*, 575 F.2d 980, 982 (1st Cir.1978); *Andreyev v. Sealink, Inc.*, 143 F.Supp.2d 192, 198–202 (D.P.R.2001); *Calderon–Sitiriche v. Educators Mut. Life Ins. Co.*, 101 F.Supp.2d

61, 65–70 (D.P.R.2000); *see also Armada Supply, Inc. v. Wright*, 858 F.2d 842, 849 (2nd Cir.1988); *Eli Lilly and Co. v. Home Ins. Co.*, 794 F.2d 710, 720–21 (D.C.Cir. 1986); *Caronia v. American Reliable Ins. Co.*, 999 F.Supp. 299, 303–04 (E.D.N.Y. 1998). So it is here. The record indicates that AGL provided an insurance policy for a property in Puerto Rico. Based on the above-cited case law, the Court concludes that this insurance policy is sufficient to give it personal jurisdiction over AGL in the present case. The motion to dismiss for lack of personal jurisdiction is denied.

*2. Venue*

■ AGL also argues that venue in this Court is improper and that therefore, pursuant to 28 U.S.C. § 1406(a), the Court should dismiss this case or transfer it to a district court in Illinois. Section 1406 applies in cases where the original venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634, 84 S.Ct. 805, 818, 11 L.Ed.2d 945 (1964); *Jumara v. State Farm Ins.*, 55 F.3d 873, 878 (3rd Cir.1995). Section 1391 of title 28 provides the criteria for determining whether venue is proper in a particular district. In a case such as this one where diversity is the only basis for jurisdiction, venue is proper in a district where "any defendant resides, if all defendants reside in the same State." 28 U.S.C.A. § 1391(a)(1) (West Supp.2001). For purposes of this statute, a corporate defendant is deemed to reside in any district which has personal jurisdiction over it. *Id.* § 1391(c) (West 1993); David D. Siegel, *Commentary on 1988 and 1990 Revisions of Section 1391*, 28 U.S.C.A. § 1391, at 17 (West 1993). Thus, venue is proper over a corporation in any district where it is also subject to that state's personal jurisdiction. Siegel, *Commentary on Revisions of Section 1391*, at 17–18; *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 39–40 (D.D.C.1998). Because the Court found above that AGL was

subject to personal jurisdiction in Puerto Rico, venue in this district is proper pursuant to section 1391(a)(1).

Venue is also proper pursuant to section 1391(a)(2), which provides that a case may be brought in any district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C.A. § 1391(a)(2). The First Circuit's opinion in *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38 (1st Cir.2001), has a resonance to the present case which is fatal to AGL's motion. The plaintiff in *Uffner* was a resident of the Virgin Islands. He had insured his yacht with the defendants—two underwriters and an insurance company. It appears that none of the three defendants had offices or any type of presence in Puerto Rico. While plaintiff was sailing his yacht in Puerto Rico waters it caught fire and sank. He filed a claim under the policy, but it was denied. He then brought a claim for a wrongful denial of the claim. *Id.* at 39–40, 42.

The First Circuit held that venue was proper in Puerto Rico and concluded that "in a suit against an insurance company to recover for losses resulting from a vessel casualty, the jurisdiction where that loss occurred is 'substantial' for venue purposes." *Id.* at 43. This conclusion does not bode well for AGL. The only notable difference between the present case and *Uffner* is that here the insured item is real property rather than a vessel. This difference only serves to further undermine AGL's position. The property which is the subject of the present action is situated in this district. *See* 28 U.S.C.A. § 1391(a)(2) (Venue is proper in district where "a substantial part of property that is the subject of the action is situated."). Based on the holding in *Uffner* and the fact that the insured property at issue is located in Puerto Rico, the Court finds that venue is proper in this district. Therefore, AGL's motion to dismiss or transfer pursuant to section 1406(a) is denied.

WHEREFORE, the Court denies AGL's motion (docket no. 5). AGL shall file an answer by **December 18, 2001.**

**IT IS SO ORDERED.**