**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2648

BERT JOHN ALLEN, III,

Plaintiff, Appellant,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES AFI-CIO, ET AL,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro,  U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Bert John Allen, III on brief pro se.
Mary T. Sullivan and Segal, Roitman & Coleman on brief for appellees.

September 1, 2006

**Per Curiam**. Appellant challenges the district court's dismissal of the complaint for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3). The venue statute, 28 U.S.C. § 1391, provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Subsection (1) is inapplicable in this case, since neither of the defendants can be deemed to reside in New Hampshire.[1] Thus, the question is whether "a substantial part of the events . . . giving rise to the claim occurred" in New Hampshire.[2] Here, the only events with any connection at all to New Hampshire are the allegations that individuals who are members

---

[1] Appellant seems to argue that defendants should be deemed to reside in New Hampshire under § 1391(c), which provides that, for purposes of venue, corporate defendants are deemed to reside in any district in which they are subject to personal jurisdiction when the lawsuit is commenced. However, since neither defendant has any offices, local unions, or bargaining unit employees in New Hampshire, § 1391(c) is inapplicable.

[2] "We turn to the third alternative only in the event that the first two provisions fail to provide an appropriate forum." Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 n.4 (1st Cir. 2001) (discussing identical provisions of § 1391(a).)

of the defendant labor organizations engaged in a conspiracy to trade postage stamps illegally for cash in order to finance "Muslim gangs," and that they accomplished this in the course of transporting prisoners between a Massachusetts prison and the Manchester, New Hampshire airport. This allegation fails to establish a substantial connection with New Hampshire because most, if not all, of the other events described in the complaint concern rapes and other abuses appellant claims to have suffered during his incarceration in Massachusetts and Pennsylvania.

Liberally construing appellant's pro se brief, he also appears to suggest that, if venue is not proper in New Hampshire, then the case should be transferred to Massachusetts under 28 U.S.C. § 1404(a). However, appellant failed to request this relief below, and it is not properly sought for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 121 (1976). We have reviewed appellant's remaining arguments and find them to be without merit.

Affirmed. See 1st Cir. Loc. R. 27(c).