Victoria **FLOREA, Plaintiff,**

v.

Nicole **BOCRA, et al., Defendants.**

**Civil No. 11–2102 (GAG).**

United States District Court,
D. Puerto Rico.

April 5, 2012.

Fred L. Abrams, New York, NY, for Plaintiff.

Lorenzo J. Palomares–Starbuck, Lorenzo Palomares PSC, Pedro Santiago–Rivera, Reichard & Escalera, San Juan, PR, for Defendants.

### ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Plaintiff Victoria Florea ("Florea"), a resident of Massachusetts, filed this case in the courts of Puerto Rico against various defendants. The case was removed to this court. (Docket No. 1). Co-defendants Terry Gilbeau ("Gilbeau") and Checkmate Investigative Services, Inc. ("Checkmate") then moved to dismiss for lack of personal jurisdiction over them, or, in the alternative, to transfer the case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). (Docket No. 2).

Florea, appearing *pro se,* has opposed (Docket No. 21), and the moving defendants replied. (Docket No. 25). The presiding district judge denied the motion to dismiss without prejudice, and referred the alternative motion to transfer to me for disposition. (Docket No. 4).

The complaint alleges that the various defendants were employed to investigate whether Florea's former spouse, Francis Driscoll, was hiding assets in violation of the couple's separation agreement. These defendants include Gilbeau and Checkmate (both residents of California), Nicole Bocra ("Bocra") and Infinity Investigative Services ("Infinity") (who reside and/or conduct business in New Jersey and/or Virginia), and two "John Doe" defendants who allegedly reside in Puerto Rico.

As alleged, Bocra, a private investigator and the owner of Infinity, agreed to search for any assets Driscoll might be hiding in Puerto Rico and elsewhere, and allegedly secured the services of Gilbeau and Checkmate, as well as the two Puerto Rico-based "John Doe" defendants. Relying on defendants' assurances that Driscoll indeed had accounts in one or more banks in Puerto Rico, Florea filed lawsuits against Driscoll and Banco Popular. These lawsuits were unsuccessful, resulting in damages to Florea. In the complaint, Florea seeks to recover money she paid the defendant investigators, as well litigation expenses related to her unsuccessful lawsuits, alleging that the evidence that the investigators provided to her to substantiate her claims against Driscoll "did not exit and was 'created' to turn a profit or the alleged documents ... did not come from the banking institutions mentioned by the codefendants or because the obtention [sic] of same was contrary to the law and violated several statutes and regulations." (Docket No. 1–2, p. 6). Moreover, "the information [the defendants] provided was legally insuffi-

cient and had apparently been obtained in a way that failed to comply with several statutes and/or regulations and/or never existed." *Id.* at 7.

 As mentioned, Gilbeau and Checkmate seek to transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). That section provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer pursuant to section 1404 is within the discretion of the court, *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir.1977), and the burden of proving that a transfer is warranted rests with the defendant. *Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc.*, 56 F.Supp.2d 134, 141 (D.Mass. 1999) (internal citation and quotation omitted). A reviewing court must consider several factors, including convenience to the parties and witnesses, the availability of documents, and the interests of justice. *Id.* "Because there is a presumption in favor of the plaintiff's choice [of forum], transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." *Kleinerman v. Luxtron Corp.*, 107 F.Supp.2d 122, 125 (D.Mass.2000) (citations omitted).

Importantly, a case may be transferred pursuant to Section § 1404(a) only to a district where it originally may have been brought. 28 U.S.C. § 1404(a). The threshold question, then, is whether plaintiff could have originally filed this case in the Eastern District of California, because if that question is answered in the negative, then the motion to transfer must fail. In diversity cases, venue is proper only in "(1) a judicial district where any defendant re-sides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction . . ., if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

 In this case, section 1391(a)(1) does not provide a basis for filing this case originally in California, since not all of the named defendants reside there. Indeed, the complaint alleges that defendants Bora and Infinity Investigative Services are licensed and conduct their business in New Jersey and/or Virginia, and that two "John Doe" defendants live and work in Puerto Rico. (Docket No. 1–2). Nevertheless, Gilbeau and Checkmate contend that the case originally could have been filed in California pursuant to section 1391(a)(2), alleging that a substantial part of the events giving rise to the claim occurred there. (Docket No. 25, p. 3–4).[1] To this end, the moving defendants point out that Gilbeau conducted all of his work from his office in California, and that the "basis for plaintiff FLOREA's claims" arises from the parties' communications "across jurisdictions (Massachusetts, Virginia and California . . .)." (Docket No. 25, p. 3). Gilbeau cites no authority to support the conclusion that this small showing suffices to demonstrate that a substantial part of the events giving rise to liability occurred where the moving defendants lived and worked. Even assuming, however, that this showing would suffice to allow original venue in California, the *moving defendants have not met their burden of establishing that* California would be a more convenient venue than Puerto Rico.

---

1. Unhelpfully, Gilbeau and Checkmate's original motion (Docket No. 2) provides no analysis whatsoever of its claim that the case originally could have been filed in California under 28 U.S.C. § 1391(a), saving any such analysis for their reply motion.

■ Initially, original venue in Puerto Rico is proper under 28 U.S.C. § 1391(a)(2), since a substantial number of the alleged events giving rise to the claim occurred in Puerto Rico. *See* 28 U.S.C. § 1391(a)(2). Multiple districts may be considered sites where a "substantial part" of the claim's events took place. The operative question is "whether the district the plaintiff chose had a substantial connection to the claim, *whether or not other forums had greater contacts*." *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (emphasis added). In *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38 (1st Cir.2001), the First Circuit identified the principles which inform the analysis of whether a "substantial part" of the acts or omissions giving rise to a claim occurred in the plaintiff's chosen venue. The court looks not to a "single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim." *Id.* at 42 (citation omitted). Venue may be proper where an event in the forum "was one part of the historical predicate for the instant suit." *Id.*

Despite Gilbeau and Checkmate's repeated efforts to limit Florea's claims to the allegations that the defendants never conducted the promised asset search in Puerto Rico, or simply made up the evidence that Driscoll had bank accounts on the island, the complaint clearly alleges, at least as an alternative theory of liability, that defendants, themselves or through third parties, in fact carried out an investigation on the island that involved illegally accessing the records of various financial institutions in Puerto Rico, and in violation of banking confidentiality. The complaint alleges that these activities were conducted by the defendants through the use of accomplices, including the two "John Doe" defendants, who resided in Puerto Rico and who allegedly were private investigators and/or employees of a Puerto Rico bank. These allegations sufficiently establish Puerto Rico as a proper venue for the tort-based claims raised in the complaint. 28 U.S.C. § 1391(a)(2).[2]

■ Since Puerto Rico is a proper venue for this case, the question then becomes whether the moving defendants have met their burden of proving that their preferred venue—the Eastern District of California—is so much more convenient to all of the parties and witnesses involved as to warrant transfer under 28 U.S.C. § 1404(a). I find that the burden has not been met in this case. Again, the complaint alleges, at least as an alternative theory, that an asset search was conducted in Puerto Rico and that records of specific Puerto Rico financial institutions were illegally obtained. Moreover, although Gilbeau and Checkmate make much of the fact that none of the *named* parties reside in Puerto Rico, I note that the complaint alleges that the "John Doe" defendants reside on the island and were instrumental in assisting the other defendants to commit the wrongs complained of. I further note that this case is in its earliest stages, and the court cannot assume that the "John Doe" defendants will not be identified and served with process in the coming months. Therefore, it appears that documents and witnesses related to this case are located in Puerto Rico.

Although the moving defendants persuasively argue and substantiate that their own ties are limited to California, and that

---

2. Because Puerto Rico is a proper venue under section 1391(a)(2), section 1391(a)(3) cannot, as moving defendants suggest, provide a basis for filing the case in California. *See Uffner*, 244 F.3d at 42 n. 4 (1st Cir.2001) ("We turn to the third alternative [section 1391(a)(3)] only in the event the first two provisions fail to provide an appropriate forum.").

Puerto Rico would be an inconvenient forum for them,[3] they are silent regarding the clear inconvenience that would befall the other parties to this case, who are located in Massachusetts, New Jersey, Virginia, and/or Puerto Rico, and who have no apparent contacts with California. In short, to transfer the case to California would, at best, "merely to shift the inconvenience from one party to the other." *Kleinerman*, 107 F.Supp.2d at 125.

The motion to transfer under 28 U.S.C. § 1404(a) is therefore denied.

---

**3.** I note that many of the moving defendants' arguments might sound with much greater force in support of their motion to dismiss for lack of personal jurisdiction, which, again, the court has denied without prejudice pending determination of the section 1404(a) motion to transfer.