### SMITHS INDUSTRIES MEDICAL SYSTEMS, INC., Plaintiff,

v.

### BALLARD MEDICAL PRODUCTS, INC., Defendant.

### Civ. A. No. 89–2881.

United States District Court, District of Columbia.

Dec. 21, 1989.

---

Thomas J. Vande Sande and Burton Amernick, Pollock, Vande Sande & Priddy, Washington, D.C., for plaintiff.

Barry W. Levine, Dickstein, Shapiro & Morin, Washington, D.C., for defendant.

## ORDER

JOHN H. PRATT, District Judge.

Plaintiff filed this action for trademark infringement on October 19, 1989. Almost two years earlier, plaintiff filed an action against the same defendant in the District of New Hampshire, seeking a declaratory judgment that certain of defendant's patents were invalid and that plaintiff was not infringing these patents by producing and marketing a particular closed suction catheter. That action is still pending, the parties having recently agreed that discovery will be concluded in April 1990. At the heart of both actions is a dispute over plaintiff's production and marketing of STERI–CATH and defendant's production and marketing of TRACH CARE, two competing closed suction catheters.

Given the existence of a first-filed, comprehensive, relatively advanced related action in New Hampshire, this Court ordered the parties to show cause why the trademark action should not be transferred to the District of New Hampshire pursuant to 28 U.S.C. § 1404(a) (1988). At oral argument, plaintiff represented that it had no objection to the transfer. Defendant, however, argued that plaintiff's action, along with defendant's six counterclaims, should remain here. For the reasons that follow, we reject defendant's position and transfer this case.

We note at the outset that § 1404(a) was designed to curtail abuse of the broad venue statutes, which sometimes allow a plaintiff to bring suit in a forum that is markedly less convenient than another forum. *See* C. Wright, A. Miller & E. Cooper, 15 *Federal Practice and Procedure* § 3841, at 320 (2d ed. 1986). The decision whether to transfer under § 1404(a) is left largely to the district court's discretion, and of necessity depends on the facts of each case. *See, e.g., Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

Case law in this Circuit indicates that a *sua sponte* transfer under § 1404(a) is appropriate when there is an ongoing related case in another jurisdiction. *See In re Scott*, 709 F.2d 717, 721 & n. 10 (D.C.Cir. 1983). Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. Rather, all of the parties' related patent and trademark infringement claims should be decided in the same court.

While defendant asserted that the New Hampshire action has proceeded too slowly, we do not agree. Nor do we believe that defendant could expect a more expeditious resolution of its disputes with plaintiff in this Court. Given the New Hampshire court's greater experience with the parties' disputes, the interrelatedness of the two actions, the fact that at least half of the witnesses reside in New Hampshire, and our reluctance to encourage plaintiff's forum shopping, we conclude that the evidence overwhelmingly points to the District of New Hampshire as the forum where the action filed in our Court can be most conveniently and justly tried.

We inquired whether defendant would prefer an immediate transfer or a brief stay to allow an appeal of this Order. Defendant represented that, in light of its strong desire to resolve all outstanding disputes as expeditiously as possible, an immediate transfer was preferable.

Accordingly, it is ORDERED that this action immediately shall be transferred to the District of New Hampshire.