Marcos. Y. KLEINERMAN, Plaintiff,

v.

LUXTRON CORP. and H.G. Associates, Defendants.

No. Civ.A. 99–40157–NMG.

United States District Court, D. Massachusetts.

Aug. 2, 2000.

John J. Geary, Geary & Tucker, Kingston, MA, for plaintiff.

Michael B. Keating, Evan Georgopoulos, Foley, Hoag & Eliot, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Marcos Kleinerman ("Kleinerman"), filed the instant lawsuit in Massachusetts Superior Court alleging that the defendant, Luxtron Corp. ("Luxtron"), breached a license agreement that allowed Luxtron to use two patents registered to Kleinerman. Luxtron removed the case to this Court, citing patent infringement as grounds for federal question subject matter jurisdiction under 28 U.S.C. § 1331. Pending before the Court is the motion of the defendant to stay, dismiss or transfer this case due to the existence of a

similar case in the Northern District of California (Docket No. 6) and the motion of the plaintiff to remand to state court (Docket No. 10).

## I. Background

In 1992, Kleinerman, the owner of two patents in the field of fiber optic sensors, accused Luxtron of infringing those patents. The parties subsequently entered into a license agreement wherein Kleinerman granted to Luxtron and its customers a license to use, make or sell products that incorporated the technology of the two patents in consideration for royalty payments based upon Luxtron's sales volume, including certain minimums ("the License").

In the instant suit, Kleinerman alleges that Luxtron did not report all sales of products using the patented technology as required by the license agreement, thereby depriving him of royalty payments. The parties attempted to settle the dispute for over eight months during which time Kleinerman occasionally threatened to sue Luxtron. Ultimately, Kleinerman wrote a letter to Luxtron on July 30, 1999 stating that negotiations were "at an impasse." Unbeknownst to him, Luxtron had filed suit the day before in the Northern District of California ("the California suit") seeking, *inter alia,* a declaratory judgment that it did not breach the License nor infringe Kleinerman's patents.

Two weeks later, Kleinerman filed the instant lawsuit in Massachusetts Superior Court ("the Massachusetts suit"), alleging breach of contract and other state law claims. Luxtron removed the case to this Court, asserting that Kleinerman's claims were actually based upon patent infringement. Kleinerman filed a motion to remand the Massachusetts suit to state court and Luxtron filed a motion to stay, dismiss or transfer this case to a California federal court based upon the prior filing of the California suit.

## II. Motion to Remand

Kleinerman argues in his motion to remand that this Court does not have subject matter jurisdiction over the Massachusetts suit because in it he alleges only state law claims arising out of the alleged breach of the License. Luxtron responds that the Massachusetts suit involves substantial questions of federal law, namely alleged patent infringement, and that Kleinerman cannot avoid subject matter jurisdiction by purposefully omitting such a claim from his complaint.

Ordinarily, jurisdiction is established by the plaintiff's well-pled complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Supreme Court has, however, supported the statement of one commentator that courts will not permit plaintiffs to use artful pleading to close off a defendant's right to a federal forum. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citations omitted). The First Circuit has also noted that:

> The [artful pleading] doctrine empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly. In other words, a plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum. If the claim appears to be federal in nature—that is, if it meets the applicable test for one that arises under federal law—then the federal court must recharacterize the complaint to reflect that reality and affirm the removal despite the plaintiff's professed intent to pursue only state-law claims.

*BIW Deceived v. Local S6, Ind. Union of Marine Shipbuilding Workers of Amer. IAMAW District Lodge 4,* 132 F.3d 824, 831 (1st Cir.1997). Thus, if the Massachusetts suit involves the issue of patent in-

fringement, Kleinerman cannot avoid a federal forum just by omitting such a claim in his complaint.

■ While the substance of the Massachusetts suit, according to Kleinerman, is whether Luxtron violated the License, in order to decide if there was a breach, one must determine whether Luxtron infringed Kleinerman's patents. The License permitted Luxtron to make and sell products incorporating the technology of the patents and required it to pay royalties to Kleinerman for such use.

If, as Kleinerman alleges, Luxtron used the patented technology but failed to pay royalties therefor, it violated the License. To determine if that happened, the finder of fact must consider whether the unreported products infringed Kleinerman's patents. In an analogous case, the Seventh Circuit Court of Appeals found that the determination of whether a particular product is covered by a patent license agreement requires deciding whether the product infringed the licensed patent. *U.S. Valves, Inc. v. Dray*, 190 F.3d 811, 814 (7th Cir.1999). *See also Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir.1997). Thus, an analysis of patent infringement is necessary and subject matter jurisdiction lies in a United States District Court.

### III. Motion to Stay, Dismiss or Transfer

Luxtron filed a motion to stay or dismiss the Massachusetts suit in light of the pending, similar California suit or, in the alternative, to transfer the Massachusetts suit to California for consolidation. Kleinerman opposes all three requests. Since Luxtron filed that motion, United States District Judge Ronald M. Whyte of the Northern District of California has denied Kleinerman's motion to dismiss the California suit based upon the existence of the Massachusetts suit.

■ "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." *TPM Holdings, Inc. v. Intra–Gold Industries, Inc.*, 91 F.3d 1, 4 (1st Cir.1996). The preference for the first-filed action to proceed is, however, not an inviolable rule of law. In some cases, a showing of a balance of convenience in favor of the second action or special circumstances giving priority to the second action is warranted. *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F.Supp. 631, 634 (D.R.I.1987) (collecting cases).

### A. Special Circumstances

A court may allow a later-filed case to proceed under certain special circumstances. One such circumstance is if the first-filed action was the result of a race to the courthouse. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987); *Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F.Supp. 144, 147 (D.Mass.1993). Here, Luxtron cannot be accused of racing to the courthouse because it negotiated in good faith with Kleinerman for over eight months before filing for declaratory judgment in California. But Luxtron did pounce preemptively just before Kleinerman notified it of the perceived "impasse" and as soon as Luxtron realized that litigation was inevitable.

■ In the context of patent infringement cases, a patentee is required to notify an alleged infringer by means of a "cease and desist letter." Such correspondence puts the alleged infringer on notice of potential legal action. More often than not this leads to the filing of an action for declaratory judgment in a foreign locale to the detriment of the patentee. This Court is persuaded that in patent infringement cases, where 1) the patentee notifies an alleged infringer of suspected infringement, 2) good faith negotiations ensue and 3) the alleged infringer then files a declaratory judgment action in another forum, a subsequently-filed action by the patentee in the nature of patent infringement filed within a reasonable time after the first

action is entitled to some deference and that the "first-filed rule" will not be dispositive.

## B. *Balance of Convenience*

■ Another exception to the first-filed rule occurs when the balance of convenience favors allowing the later-filed action to proceed. *SW Indus., Inc.*, 653 F.Supp. at 634. The party seeking to demonstrate that one forum is more convenient than another, here Luxtron, must show that the plaintiff's choice of forum is substantially more inconvenient than the alternative proposed by it. *Anderson v. Century Products Co.*, 943 F.Supp. 137, 148 (D.N.H.1996).

A number of factors have developed to measure the convenience of litigating in a particular court including 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake. *SW Indus., Inc.*, 653 F.Supp. at 637–39.

At the outset, there is a presumption in favor of Kleinerman's chosen forum of Massachusetts. *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996). That presumption is particularly strong here because the jurisdiction he chose is his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). When a plaintiff chooses his home forum, the choice more likely represents considerations of convenience rather than vexation or harassment to the defendant, thus elevating the hurdle the defendant is required to clear to warrant transfer. *Id.*

When considering a motion to transfer, 28 U.S.C. § 1404(a) directs the Court first to consider the convenience of the parties. At best, that factor here is neutral. Naturally, it would be inconvenient for Luxtron to litigate this case in Massachusetts due to the business disruption caused by having to produce its employees in Massachu-

setts rather than in their home state of California. For Kleinerman to litigate in California would be at least as onerous because he would have to bear the financial burden of hiring California counsel and transporting himself and his witnesses there. Because there is a presumption in favor of plaintiff's choice, transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other. *Trans National Travel, Inc. d/b/a TNT Vacations v. Sun Pacific Int'l, Inc.*, 10 F.Supp.2d 79, 81 (D.Mass.1998); *Anderson*, 943 F.Supp. at 148; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

Moreover, weighing the inconveniences to each party requires more than calculating dollars and cents. There is a qualitative component to the balance of convenience which must focus on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it. *Anderson v. Century Products Co.*, 943 F.Supp. 137, 148 (D.N.H.1996). Clearly, Luxtron is that party here.

The expense of prosecuting and defending lawsuits, both meritorious and non-meritorious, is an inevitable cost of doing business. If the Court were to transfer this case to California, the costs of litigation may become prohibitive to Kleinerman, thereby denying him his right to pursue a judicial remedy. Even if it were to cost Luxtron more to defend this suit in Massachusetts than it would cost Kleinerman to defend in California, the relative financial strengths of the parties instructs against transfer.

Section 1404(a) of Title 28 also requires the court to consider the convenience of witnesses, with a preference of live testimony over testimony by deposition. *Anderson*, 943 F.Supp. at 149. If, however, a court order or the persuasion of an employer who is a party to the action can secure the appearance of witnesses re-

gardless of the location of the forum, that factor becomes less important. *Id.* As the employer of several key witnesses in this case, Luxtron can assuredly secure the appearance in Massachusetts of those witnesses required to testify. On the other hand, Kleinerman may not so easily assure the presence of some of his local witnesses in California.

One factor, judicial economy, apparently weighs in favor of a transfer. It clearly would be more efficient to try all related issues in a single action in either California or Massachusetts. That principle is particularly germane to a patent case. *See, e.g., Smiths Industries Medical Systems, Inc. v. Ballard Medical Products, Inc.*, 728 F.Supp. 6, 7 (D.D.C.1989) ("Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable."). Consequently, the ability to assert cross-claims can be relevant in applying the Section 1404(a) factors. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Nevertheless, Kleinerman as the patentee appears determined to proceed against Luxtron in this district. Because the plaintiff's choice of forum is entitled to substantial weight, *see Nowak*, 94 F.3d at 719, the Court concludes that judicial economy in this case is not paramount and does not eclipse that choice.

Ultimately, the witnesses, documents and other sources of proof of each party are located in their respective home districts. Each party will incur a correspondingly greater burden if required to litigate on the coast opposite to his/its domicile. Federal law applies in this case and both California and Massachusetts have a similar and corresponding interest in protecting their citizens from the conduct which gives rise to this litigation.

Based upon all of those factors, this Court concludes that by allowing defendant's motion to transfer it would merely serve to shift the burden rather than to eliminate it. Luxtron has not persuaded the Court that the plaintiff's choice of fo-

rum is substantially more inconvenient than the alternative it proposes. Therefore, this Court finds the plaintiff's choice of forum under these circumstances is controlling and defendant's motion to stay, dismiss or transfer will be denied.

### ORDER

For the reasons set forth in the Memorandum above:

1. the motion of the defendant to stay, dismiss or transfer (Docket No. 6) is DENIED, and
2. the motion of the plaintiff to remand (Docket No. 10) is DENIED.

So ordered.