Doris DEAN, Billy Freeman and
Erin Freeman, Plaintiffs,

v.

COMPASS RECEIVABLES MANAGE-
MENT CORP. and Advanta Auto
Finance, Defendants.

No. Civ.A. 00–40092–NMG.

United States District Court,
D. Massachusetts.

June 27, 2001.

Robert F. Casey, Jr., Harvard, MA, for
Plaintiffs.

Richard J.Poliferno, Long & Houlden,
Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiffs, Doris Dean ("Doris"), Billy
Freeman ("Billy") and Erin Freeman
("Erin"), filed the instant lawsuit in Massa-
chusetts state court alleging that defen-
dants, Compass Receivables Management
Corporation ("Compass") and Advanta
Auto Finance ("Advanta"), engaged in un-
fair debt collection practices. Defendants
removed the case to this Court pursuant to
28 U.S.C. § 1331. Pending before this
Court is plaintiffs' motion to vacate remov-
al (Docket No. 5).

## I. *Background*

Doris lives with her sons, Rodney Dean ("Rodney") and Billy, and Billy's wife, Erin, at 47 Smith Street in Fitchburg, Massachusetts. Rodney is in default on an auto loan from defendant Advanta. Plaintiffs allege that from June through September, 1999, defendant Compass engaged in "outrageous debt collection practices" on behalf of Advanta by harassing the Dean household with numerous telephone calls regarding Rodney's debt.

On November 1, 1999, plaintiffs sent a demand letter ("the Demand Letter") to Advanta and Compass pursuant to § 9(3) of the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A"). That letter stated that the defendants' conduct constituted violations of Chapter 93A and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and demanded $10,000 in damages for each plaintiff. No offer or response was received from the defendants.

On April 5, 2000, plaintiffs filed the instant action in Leominster District Court, seeking treble damages, interest, costs and attorneys' fees pursuant to M.G.L. c. 93A, § 9. The complaint incorporates by reference the facts of the Demand Letter (a copy of which is attached thereto as "Exhibit 1").

On June 5, 2000, defendants removed the action to this Court claiming that the reference in the Demand Letter to the FDCPA raises a federal question. Removal was not otherwise warranted because the amount in controversy is well below the $75,000 threshold for diversity jurisdiction.

## II. *Analysis*

Plaintiffs admit that the Demand Letter cites the FDCPA but argue that this Court lacks federal question jurisdiction because the complaint itself does not contain a count for violation of that statute. Defendants respond that a claim under the FDCPA is incorporated into the complaint pursuant to Fed.R.Civ.P. 10(c) by virtue of the Demand Letter's attachment to the complaint. Alternatively, they contend that plaintiffs' claims are, in essence, FDCPA claims and that this Court should therefore employ the "artful pleading" doctrine to look beyond a transparent attempt to avoid federal jurisdiction. This Court considers each argument *seriatim.*

### A. Fed.R.Civ.P. 10(c)

▮ Rule 10(c) provides, in pertinent part, that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." That rule permits courts to consider exhibits attached to complaints in addition to the allegations of the complaint itself when ruling on motions. *See, e.g., In re Lane,* 937 F.2d 694 (1st Cir.1991) (motion to dismiss). This Court is aware of no case law, however, suggesting that Rule 10(c) can be read as permitting the grafting of new counts onto a complaint that otherwise lacks them.

▮ The complaint specifically incorporates the facts stated in the Demand Letter but makes no mention of the Demand Letter's reference to the FDCPA. Plaintiffs have therefore made a concerted effort to avoid incorporation of the FDCPA into their complaint. Failure to respect that effort would undermine the basic rule that the plaintiff has the prerogative to determine the theory of his action. *See, e.g., Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Moreover, M.G.L. c. 93A, § 9(3) requires that a demand letter be mailed at least 30 days prior to commencing an action thereunder. Attachment of the Demand Letter to the complaint thus serves

as proof of compliance with that section. *See Spring v. Geriatric Authority of Holyoke,* 394 Mass. 274, 287, 475 N.E.2d 727 (1985) (existence of demand letter must be alleged and proved). There is nothing to suggest that plaintiffs also intended the Demand Letter to set forth theories of liability not already alleged in their complaint.

## B. "Artful Pleading" Doctrine

■ Ordinarily, federal question jurisdiction is established by looking simply at the well-pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Supreme Court has held, however, that plaintiffs cannot use "artful pleading" to close off a defendant's right to a federal forum. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citations omitted). The First Circuit has also noted:

> The [artful pleading] doctrine empowers courts to look beneath the face of the complaint to divine the underlying nature of the claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors.... If the claim appears to be federal in nature—that is, if it meets the applicable test for one that arises under federal law—then the federal court must recharacterize the complaint to reflect that reality and affirm the removal despite the plaintiff's professed intent to pursue only state law claims.

*BIW Deceived v. Local S6, Ind. Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 831 (1st Cir.1997) (citations omitted).

Thus, if the Chapter 93A claims are actually disguised claims for violation of the FDCPA, plaintiffs cannot avoid a federal forum by omitting the federal claims from their complaint. Applying the artful pleading doctrine to the instant case, this Court has jurisdiction if the FDCPA preempts Chapter 93A to the extent that it prohibits unfair debt collection practices, *see BIW Deceived,* 132 F.3d at 831–32 (artful pleading exception to the well-pleaded complaint rule is compelled by the doctrine of federal preemption), or if resolution of the Chapter 93A claims necessarily turns on a substantial issue arising under the FDCPA. *See Franchise Tax Bd.,* 463 U.S. at 9, 103 S.Ct. 2841; *see also Kleinerman v. Luxtron Corp.,* 107 F.Supp.2d 122, 123–24 (D.Mass.2000) (finding federal question jurisdiction where patent infringement analysis was necessary to determine whether licensee breached patent license). Because neither condition is present, federal question jurisdiction is lacking.

Congress enacted the FDCPA "to eliminate abusive debt collective practices by debt collectors." 15 U.S.C. § 1692(e). The statute creates a private cause of action against "any debt collector." 15 U.S.C. § 1692k. Section 1692d makes it unlawful "to harass, oppress, or abuse any person in connection with the collection of a debt." For example, it is unlawful to cause

> a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5). The FDCPA also prohibits a debt collector from

> communicat[ing] with a consumer in connection with the collection of any debt—(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer....

15 U.S.C. § 1692c(a). Defendants' alleged conduct falls squarely within one or more of those provisions.

Chapter 93A prohibits, *inter alia*, "unfair or deceptive acts or practices in the conduct of any trade or commerce...." M.G.L. c. 93A, § 2(a). Regulations issued by the Massachusetts Attorney General pursuant to § 2(c) define unfair or deceptive acts or practices with respect to the collection of debts. 940 C.M.R. 7.00 *et seq.*

Chapter 93A is also implicated by specific authorities regulating debt collection practices in Massachusetts. Creditors and their agents are governed by M.G.L. c. 93, § 49 which prohibits a creditor of a consumer from attempting to collect a debt in an "unfair, deceptive or unreasonable manner". Any failure to comply with § 49 constitutes an unfair or deceptive act or practice under Chapter 93A. Collection agencies are subject to regulations promulgated by the Massachusetts Commissioner of Banks pursuant to M.G.L. c. 93, § 24, which set forth a list of prohibited debt collection practices. 209 C.M.R. 18.00 *et seq.* Again, violation of those regulations constitutes an unfair or deceptive act or practice under Chapter 93A. M.G.L. c. 93, § 28.[1]

■ No revealed case law suggests that Chapter 93A and the related Massachusetts statutes and regulations dealing with debt collection practices are inconsistent with, and thus preempted by, the FDCPA. *See* 15 U.S.C. § 1692n (FDCPA only preempts state laws regarding debt collection practices that are inconsistent with its provisions). Indeed, regulations issued by the Massachusetts Attorney General provide that violations of the FDCPA are *per se* violations of M.G.L. c. 93A, § 2. 940 C.M.R. 3.16(4); *Martin v. Sands,* 62

F.Supp.2d 196, 201 (D.Mass.1999). That rule would be rendered meaningless if the FDCPA preempted all Chapter 93A claims alleging unfair debt collection practices. Moreover, although the FDCPA may inform analysis of Chapter 93A claims, it is not an essential component of such claims. Accordingly, there is no FDCPA claim hidden behind plaintiffs' complaint and this Court therefore lacks subject matter jurisdiction.

## ORDER

For the reasons set forth in the Memorandum above, plaintiffs' motion to vacate removal (Docket No. 5) is ALLOWED. The case is remanded to the Leominster District Court.

So ordered.

---

1. Although the complaint only mentions Chapter 93A, this Court assumes that plaintiffs' claims rest on the above-cited statutes and regulations governing unfair debt collection practices.