**THE HOLMES GROUP, INC. Plaintiff,**

v.

**HAMILTON BEACH/PROCTOR SILEX, INC. Defendant.**

**No. CIV.A.02–40063–NMG.**

United States District Court, D. Massachusetts.

Oct. 28, 2002.

Charles R. Hoffmann, Hoffmann & Baron LLP, Syosset, NY, Paul A. Izzo, The Holmes Group Inc., Milford, Alan M. Sack, Hoffmann & Baron, LLP, Syosset, NY, for the Holmes Group, Inc., Plaintiff.

Louis M. Ciavarra, Bowditch & Dewey, LLP, Worcester, Regan J. Fay, Jones, Day, Reavis & Pogue Northpoint, Cleveland, OH, for Hamilton Beach/Proctor Silex, Inc., Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff, The Holmes Group, Inc. ("Holmes"), a closely held Massachusetts corporation headquartered in Milford, Massachusetts, markets a product called the "Odor Grabber", a plug-in air cleaner. Defendant, Hamilton Beach/Proctor Silex, Inc. ("Hamilton"), a public corporation with its principal place of business in Virginia, markets a product known as the "TrueAir Plug–Mount Odor Eliminator", also a plug-in air cleaner, in connection with which it has been issued United States Patent No. 6,328,791 B1 ("the '791 patent"). This case arises out of Holmes' alleged infringement of the '791 patent.

### I. *Background*

On March 12, 2002, Hamilton sent a letter to Holmes which (1) referenced Hamilton's understanding that Holmes intended to market the "Odor Grabber" in competition with the "True Air Odor Eliminator" and (2) informed Holmes of the existence of the '791 patent. One week prior to sending that letter, Hamilton had filed a publicized lawsuit against another air cleaner manufacturer, alleging infringement of the '791 patent. Armed with that information, on March 25, 2002, Holmes replied to Hamilton's letter denying that "any valid claim of the above-referenced patents [including the '791 patent] could cover Holmes' Odor Grabber air cleaner". In the absence of any prompt response from Hamilton, Holmes launched a nationwide sales campaign for the "Odor Grabber" on April 3, 2002. Five days later, Holmes filed a declaratory judgment action in this Court seeking a determination that the '791 patent was invalid and not infringed by the "Odor Grabber". On April 11, 2002, news of that lawsuit was posted on an internet website and it is likely that Hamilton became aware of it shortly thereafter.

On April 18, 2002, Hamilton filed a separate lawsuit against Holmes in the Eastern District of Virginia (hereinafter "the Eastern District") alleging three counts: (1) infringement of the '791 patent, (2) infringement of an unrelated patent and (3) trademark infringement and unfair competition. The trademark infringement and unfair competition claim relates, at least tangentially, to both the "Odor Grabber" and the "TrueAir Plug Mount Odor Eliminator". The following day Holmes served Hamilton with a copy of the Summons and Complaint in this declaratory judgment action and on April 22, 2002, Hamilton filed a motion to transfer it to the Eastern District pursuant to 28 U.S.C. § 1404(a).

In its motion to transfer, currently pending before this Court, Hamilton argues that (1) Holmes' choice of forum should not be given great weight because its declaratory judgment action falls within an exception to the first-to-file rule, (2) "the interests of justice [and the need for expediency in this case] would be best served by the efficient judicial caseload management and experienced patent judges for which the Eastern District is well-known", (3) transfer will provide more complete relief to the parties and (4) the Eastern District is a more convenient forum to the parties, witnesses and other relevant evidence. Holmes' written opposition to that motion was followed by Hamilton's reply in support of its motion to transfer and a subsequent sur-reply by Holmes.

More recently, on May 31, 2002, Judge Leonie M. Brinkema of the Eastern District denied Holmes' motion to transfer the Virginia action to Massachusetts but allowed its motion to stay Hamilton's claim of infringement of the '791 patent pending this Court's decision on Hamilton's motion

to transfer. The final pre-trial conference in the Virginia case has been scheduled for October 24, 2002 and a trial is expected to be set to begin before the end of the year.

Pursuant to that ruling, Hamilton filed a supplemental motion to transfer with this Court on June 3, 2002 and a supplemental brief in support of that motion on June 26, 2002. It argued that Judge Brinkema's decision to hear Hamilton's unrelated patent infringement claim (Count I of the Virginia Complaint) and the trademark infringement and unfair competition claim (Count III thereof) warrants the transfer of the instant case to the Eastern District for the sake of convenience. Specifically, Hamilton contends that the pending Virginia claims and the instant declaratory judgment action involve overlapping issues, the resolution of which will require review of the same documents and testimony by many of the same witnesses as has been bourne out by the discovery thus far in the Virginia case.

Subsequently, Holmes filed a motion in the Eastern District for summary judgment with regard to Count III of the Virginia Complaint. On September 9, 2002, Judge Brinkema granted that motion, in part, and denied it, in part, dismissing Hamilton's trademark infringement claim but retaining the unfair competition claim.

On September 10, 2002, United States Patent No. 6,447,587 B1 ("the '587 patent"), based on a continuation application of the '791 patent, was issued to Hamilton, whereupon it filed a separate patent infringement action against Holmes in the Eastern District. Thereafter, Holmes and Hamilton stipulated to a consolidation of the two Virginia actions and Holmes has indicated that it will move for a stay of the newly-filed claim of infringement of the '587 patent. In the meantime, Holmes has filed with this Court, a motion for leave to file an amended complaint to include the '587 patent in its pending claim for declaratory judgment or, in the alternative, to file and serve a supplemental complaint with respect to the '587 patent.

## II. *Analysis*

Pursuant to 28 U.S.C. § 1404(a), Hamilton seeks to transfer the instant case to the Eastern District where it has since filed an identical patent infringement claim against Holmes. Section § 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2002). While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum and the defendant must bear the burden of proving that a transfer is warranted. *Brookfield Machine, Inc. v. Calbrit Design,* 929 F.Supp. 491, 501 (D.Mass.1996); *see Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708, 719 (1st Cir.1996) ("there is a strong presumption in favor of a plaintiff's forum choice"). As such, where two identical actions are pending concurrently in two federal courts, the first-filed action is generally preferred, even if it is a request for a declaratory judgment. *See Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 937 (Fed.Cir.1993), *overruled on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *GSI Lumonics, Inc. v. Biodiscovery, Inc.,* 112 F.Supp.2d 99, 105 (D.Mass.2000); *Biogen, Inc. v. Schering AG,* 954 F.Supp. 391, 398 (D.Mass.1996). While the general rule favors the forum of the first-filed action, "exceptions...are not rare, and are made when justice or expediency requires...". *Genentech,* 998

F.2d at 937–38. More specifically, the preference for the first-filed action may be overcome where (1) there are special circumstances justifying a transfer or (2) convenience favors the later-filed action. *Veryfine Products, Inc., v. Phlo Corp.*, 124 F.Supp.2d 16, 22–25 (D.Mass.2000) (where preference for first-filed action was not overcome by special circumstances or convenience); *Kleinerman v. Luxtron, Corp.*, 107 F.Supp.2d 122, 124 (D.Mass.2000) (where this Court gave preference to the second-filed action due to special circumstances).

### A. *Special Circumstances*

■ One special circumstance which nullifies the presumption in favor of the first-filed action is the filing of a suit for the sole purpose of winning the race to the courthouse to secure a preferred forum. *See Veryfine Products, Inc.*, 124 F.Supp.2d at 22; *Kleinerman*, 107 F.Supp.2d at 124. Where, for example, a plaintiff (1) misleads the defendant into foregoing litigation in order to negotiate a settlement and then files suit or (2) reacts to a defendant's notice of imminent filing by "literally sprinting to the courthouse the same day", the first-filed suit is clearly motivated by the plaintiff's desire to secure the best forum and deference to a later-filed action may be appropriate. *Veryfine Products, Inc.*, 124 F.Supp.2d at 22; *see also Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F.Supp. 144, 148 (D.Mass.1993) (refusing to hear first-filed declaratory judgment action because plaintiff brought claim after misrepresenting its intent to negotiate with defendant); *Biogen Inc.*, 954 F.Supp. at 398 (finding in favor of first-filed declaratory judgment action where, unlike the situation in *Davox;* there was no inequitable conduct by plaintiff).

Moreover, in the context of a patent case, a special circumstance may also arise where (1) a patentee has notified an alleged infringer of suspected infringement, (2) good faith negotiations between the parties have ensued and (3) the alleged infringer then files a declaratory judgment action in the forum of his choice. *Kleinerman*, 107 F.Supp.2d at 124–25. In *Kleinerman,* the parties had negotiated for approximately eight months regarding the defendant/alleged infringer's breach of a licensing agreement. When the defendant realized that those negotiations were collapsing, however, it filed a declaratory judgment action in California, shortly after which the plaintiff filed a patent infringement suit in this Court. Contrary to the general rule favoring the first-filed action, this Court declined to transfer plaintiff's later-filed suit for patent infringement on the grounds that the three conditions of the aforementioned "special circumstance" were present and considerations of convenience did not necessarily weigh in favor of the first-filed action. The presumption favoring defendant's first-filed declaratory judgment action was, therefore, rebutted.

■ In this case, no special circumstances overcome the presumption in favor of Holmes' first-filed declaratory judgment action. First, unlike the plaintiff in *Davox,* Holmes did not misrepresent its intention to negotiate and then, suddenly, file a declaratory judgment suit to avoid an inconvenient forum. Instead, Holmes replied to Hamilton's mandatory "cease and desist" letter by denying liability. It made no promise or implication that it would enter into negotiations with Hamilton. Hamilton did not, therefore, rely on any assurance that its claims would be resolved short of litigation.

Moreover, Holmes did not "react[ ] to notice of imminent filing by literally sprinting to the courthouse the same day". *Veryfine Products, Inc.*, 124 F.Supp.2d at 22. Although it did not wait eight months as did the alleged infringers in *Kleinerman,*

Holmes filed suit approximately one month after receipt of Hamilton's "cease and desist" letter.

In *GSI Lumonics,* an analogous case in which the defendant sought to transfer plaintiff's first-filed declaratory judgment action, this District Court declined to do so even though plaintiff's suit was filed only six weeks after it received defendant's "cease and desist" letter. Relying on the test propounded in *Genentech,* this court followed the general rule favoring the first-filed action because there were no "sound reasons that would make it unjust or inefficient to continue the first-filed action". *GSI Lumonics, Inc.,* 112 F.Supp.2d at 105 (quoting *Genentech,* 998 F.2d at 937–38). As in *GSI Lumonics,* in this case Holmes did not immediately race to the courthouse but provided a timely response to Hamilton's letter denying liability. Two weeks later, without having received a response, Holmes filed the pending declaratory judgment action allegedly "to vindicate its claim of innocence" in this Court. *Id.*

Finally, in this case, there were no "ensuing negotiations" sufficient to establish the special circumstances found to be present in *Kleinerman.* In *Kleinerman,* the parties had negotiated in good faith for eight months and the plaintiff-patentee was presumably persuaded to forego litigation in reliance on such negotiations. Consequently, in that case, the presumption in favor of the first-filed declaratory judgment action was rebutted and this Court retained jurisdiction over the patentee's later-filed suit.

Here, the parties had not engaged in any negotiations before Holmes filed suit. Thus, unlike the situation in *Kleinerman,* Hamilton had not foregone suit in reliance on good faith negotiations only to lose the race to the courthouse. Instead, the parties in this case stood on equal footing at the time Holmes filed its declaratory judgement action. The parties had exchanged correspondence in which they had expressed their respective positions. Subsequently, Holmes, which had just launched a nationwide campaign to market its new product, filed a declaratory judgment action to determine its rights. Subterfuge does not seem to have played a role.

### B. *Convenience*

■ Courts have also recognized an exception to the first-filed rule where convenience favors the later-filed action. Specifically, the defendant must show that its choice of forum is substantially more convenient than that chosen by the plaintiff. *Kleinerman,* 107 F.Supp.2d at 125. In making this determination, a court may weigh a number of factors including (1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied and (6) the state or public interests at stake. *Id.*

■ In this case, Hamilton has failed to show that Virginia is a substantially more convenient forum than Massachusetts and, therefore, has failed to rebut the presumption in favor of the first-filed action. First, Holmes has brought suit in Massachusetts, its home forum. Where a plaintiff chooses his home forum, such a choice usually represents considerations of convenience rather than harassment of the defendant. *Id.; Nowak,* 94 F.3d at 719.

Moreover, the convenience of the parties, witnesses and the location of documents is a neutral factor in this case. While Hamilton argues that Virginia is a more convenient forum because its principal place of business, several key employ-

ee-witnesses and two inventors of the '791 patent are there, Holmes faces similar hardship if forced to litigate this case in Virginia. Transfer of venue is inappropriate, however, where its effect merely shifts the inconvenience from one party to another. *See Kleinerman,* 107 F.Supp.2d at 125.

Likewise, this lawsuit is "connected" to both Massachusetts and Virginia through the nexus of one party to that state and a federal court in either jurisdiction is equally capable of applying appropriate state or federal law. *See generally Nowak,* 94 F.3d at 720 (concern that Massachusetts court would be unfamiliar with foreign law insufficient to overcome presumption in favor of first-filed action).

Finally, a court may consider the state or public interests that are at stake. Here, for various reasons, Hamilton argues that the interest of justice favors transfer to the Eastern District. Most prominently, Hamilton argues that the "efficient judicial caseload management and experienced patent judges for which the Eastern District is well-known" make Virginia the preferred forum in this case. Specifically, Hamilton claims that in Virginia, this case would be ready for trial in less than half the time that it would take in Massachusetts.

Putting aside the lack of support for that argument in this particular case and notwithstanding the statistics cited in the name of "the interests of justice", Hamilton's claim does not resonate here. Unless patent litigants are confined to the Eastern District, apparently there will always be a "more efficient" court in which to bring an intellectual property claim. Moreover, while Hamilton argues that it has a particular need for expeditious relief, e.g. to protect the limited economic life of its product, breakneck speed is not necessarily synonomous with a just result.

Hamilton further argues that the interests of justice demand transfer to Virginia because the Eastern District is "an unofficial specialized patent litigation court" and because transfer

> means there would be less need to burden this Court and its personnel with complicated issues of utility and design patent law, including claim construction necessitating a *Markman* hearing and patent validity. . . .

Defendant's Motion For Transfer, at 5. While this Court appreciates Hamilton's unctuous concern for its "over-subscribed docket" and its lack of expertise with respect to such complex subject-matter, if there has ever been a more inept or unavailing argument in support of transferring venue, this Court has not heard it.

The only factor that potentially weighs in favor of transfer of this case is the public interest in judicial economy. Thus far, the Eastern District has agreed to hear Hamilton's other two claims against Holmes and discovery has already begun on those matters. While the first claim, involving the alleged infringement of another patent, is wholly unrelated to this matter, it is arguable that the unfair competition claim, which involves the "Odor Grabber" and the "TrueAir Plug–Mount Odor Eliminator", is related to the instant suit and that it would, therefore, be more efficient to try those claims together. Given the description of that claim in Hamilton's Virginia Complaint, however, any relationship to the lawsuit pending in this Court seems tenuous at best and is not enough to overcome the presumption in favor of the first-filed action. *See generally, Kleinerman,* 107 F.Supp.2d at 126 (where concerns regarding judicial economy were insufficient to overcome substantial weight accorded to plaintiff's choice of forum).

This Court concludes, therefore, that Hamilton has failed to sustain its burden of proving that a transfer of venue is warranted. Even when the first-filed action is a claim for declaratory judgment, there is a strong presumption in favor of the plaintiff's choice of forum, *GSI Lumonics, Inc.*, 112 F.Supp.2d at 105, and there has been no showing that the Eastern District is a substantially more convenient forum for this case or that special circumstances warrant deference to Hamilton's later-filed action.

### ORDER

For the reasons stated in the Memorandum above, the motion of the defendant Hamilton Beach/Proctor Silex, Inc. to transfer venue (Docket No. 6) is **DENIED.**

**So Ordered.**