Alan Shawn **FEINSTEIN**, Alan Shawn Feinstein Foundation, and The Feinstein Foundation, Plaintiffs,

v.

J. Larry **BROWN**, Defendant.

No. C.A. 03–436S.

United States District Court,
D. Rhode Island.

Feb. 11, 2004.

Mark B. Morse, Esq., Law Office of Mark B. Morse, Providence, RI, for plaintiffs.

Brooks R. Magratten, Esq., Vetter & White, Incorporated, Providence, RI, John H. Henn, Esq., Foley Hoag, LLP, Boston, MA, for defendant.

### DECISION AND ORDER

SMITH, District Judge.

The "first-filed rule" is an equitable doctrine of venue selection followed universal-

ly: "[w]here identical actions are proceeding concurrently in two federal courts ... the first filed action is generally preferred in a choice-of-venue decision." *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987). This case tests the application of the rule to a scenario in which one party files a state court action that is subsequently removed to federal court, and the other party sues in a different federal court after the state action was filed, but before its removal. The question is whether the state filing date or the date of removal is the relevant date for applying the first-filed rule. Finding that the state court action is first-filed, and that there are no other circumstances warranting transfer of venue, the Court denies the Defendant's motion to transfer venue to the District of Massachusetts, or to dismiss or stay the case.

I. *Background*

The following facts are derived from the Complaint and from the parties' filings in support of and in opposition to the motion. Plaintiff Alan Shawn Feinstein ("Feinstein"), a businessman and philanthropist, is the executive director of Plaintiff Alan Shawn Feinstein Foundation ("ASFF") and a director of Plaintiff The Feinstein Foundation (collectively "Plaintiffs"). On March 17, 2000, Feinstein entered into a contract with Defendant J. Larry Brown whereby ASFF would contribute $3 million, over three years, in charitable funding to support various good works of the Center on Hunger and Poverty, of which Brown is the executive director.

Things did not go well. Brown claims that Feinstein and ASFF failed to make any of the promised payments, and Plaintiffs rejoin that Brown was unable to fulfill any of the material terms of the agreement. The parties exchanged frequent correspondence in an attempt to resolve their differences. However, on April 22, 2002, Brown wrote a letter to the Rhode Island Foundation that particularly offended Feinstein. In that letter, Plaintiffs allege that

Brown deliberately misrepresented facts to the Rhode Island Foundation and misrepresented Feinstein's dealings with three Rhode Island-based colleges, ... two specifically-named Rhode Island non-profit institutions, and other unnamed institutions ... [and] referred to the "consideration of legal action" as the only thing which would induce Feinstein to fulfill alleged legal commitments.

Pl. Mem. at 3.

The relationship continued to deteriorate, until finally, in an August 12, 2003 letter, counsel for Brown wrote to Feinstein, ASFF, and the Rhode Island Foundation complaining of Feinstein's failure to pay any of the promised contributions, and stating:

We will be happy to review any information, including documents, that you think we need to review, and consider any contrary arguments that you may wish to make. As you can imagine, bringing suit on a charitable pledge and promise, however clear and binding as is the case here, is never an undertaking that is pursued without exhausting all means of alternative resolution....

Def. Answer and Counterclaims, Ex. C.

On August 28, 2003, in response to this letter and a progressively worsening relationship with the Rhode Island Foundation (caused, in Feinstein's opinion, by Brown's defamatory remarks), Plaintiffs sued Brown in Providence County Superior Court for defamation, tortious interference with advantageous business relations, and breach of contract. On September 25, 2003, Brown removed that action to this Court. He then answered the complaint on September 30, 2003, and asserted coun-

terclaims for breach of contract and a declaratory judgment that Brown did not defame Feinstein.

On September 17, 2003, Brown filed an action in the United States District Court for the District of Massachusetts. The parties agree that the claims raised in this action mirror the counterclaims that Brown asserted in the first action. Brown now moves, pursuant to 28 U.S.C. § 1404(a),[1] to transfer venue in the action in this Court to Massachusetts, based on the first-filed rule and other equitable considerations relating to venue.

## II. Analysis

### A. The First–Filed Rule

■ The first-filed rule, as applied in the First Circuit, typically governs the choice of venue when identical actions proceed concurrently in two federal courts. See, e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir.2000) (federal courts in Massachusetts and Washington, D.C.); TPM Holdings, Inc. v. Intra–Gold Indus., Inc., 91 F.3d 1, 2 (1st Cir.1996) (federal courts in New Hampshire and Texas); Cianbro Corp. v. Curran–Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987) (federal courts in New Hampshire and Maine); Nortek, Inc. v. Molnar, 36 F.Supp.2d 63, 65 (D.R.I. 1999) (federal courts in Rhode Island and New York).

No court in this circuit, however, has had occasion to consider how the rule operates when "Action A" is filed in state court, and then removed to federal court after "Action B" is filed in a different federal court. In such a procedural posture, Defendant argues that the earlier of the date of removal of Action A and the date of the filing of Action B is controlling, because "courts look to the order in which the federal districts obtained jurisdiction.... A state court's obtaining of jurisdiction is irrelevant." Def. Mem. at 5 (emphasis omitted).

Every court that has confronted this issue has disagreed.[2] For example, in Manufacturers Hanover Trust Co. v. Palmer Corp., 798 F.Supp. 161 (S.D.N.Y. 1992), the court faced precisely the same situation: defendant filed an action in New Jersey state court; plaintiff filed a second, parallel action in the Southern District of New York six days later; and plaintiff removed the first action to New Jersey federal court thereafter. Id. at 166. After noting that the Second Circuit had not squarely addressed that procedural sequence, the court found "ample authority for the proposition that the state court filing date is the relevant benchmark." Id. (collecting cases from the Ninth Circuit, Texas, New Jersey, West Virginia, and Pennsylvania). The court further observed that "[t]he principles underlying removal also weigh in favor of the state filing date." Id. (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3738 at 556–57 (1985) ("After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removed case proceeds according to the Federal Rules of Civil Procedure and is

---

1. Section 1404(a) states:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. Care must be taken to distinguish this procedural context from one in which there are two actions proceeding concurrently in a state and federal forum, and the state action is not removed. In his supplemental memorandum, Defendant purports to rely on Central States Indus. Supply, Inc. v. McCullough, 218 F.Supp.2d 1073, 1092 (N.D.Iowa 2002), which acknowledges the split of authority regarding the application of the first-filed rule where the first-filed case is an unremoved state action.

treated *as though it had been commenced originally in the federal court.*") (footnotes omitted) (emphasis added)). Since *Palmer*, several other courts have reached the same conclusion. *See, e.g., 800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131 n. 1 (S.D.N.Y.1994); *Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F.Supp.2d 948, 954 n. 10 (E.D.Va.1998); *First Health Group Corp. v. Motel 6 Operating L.P.*, No. 00C524, 2000 WL 984160, at *2 (N.D.Ill. July 17, 2000).

This writer agrees with the reasoning of these courts, and has found no factually similar case that has been decided to the contrary. The action filed by Plaintiffs in state court and subsequently removed to this Court is first-filed.

B. *Equitable Venue Considerations: Special Circumstances and the Balance of Convenience*

Although there is a "strong presumption" favoring a plaintiff's choice of venue in the first-filed action, *see Coady*, 223 F.3d at 11, that presumption may be overcome:

> The preference for the first-filed action is not a per se rule, but rather a policy governed by equitable considerations: "the forum where an action is first filed is given priority over subsequent actions, unless there is 'a showing of balance of convenience in favor of the second action,' or there are special circumstances which justify giving priority to the second[.]"

*SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F.Supp. 631, 634 (D.R.I.1987) (citations omitted). Defendant submits that both special circumstances and the balance of convenience favor transferring venue to the District of Massachusetts.

1. *Special Circumstances*

■ When the first-filed action is the result of a preemptive "race to the court-

house," a court may allow a later-filed case to proceed in place of the first-filed action. *See Cianbro Corp.*, 814 F.2d at 11. Defendant contends that Plaintiffs reacted to Brown's August 12, 2003 letter by filing an "anticipatory" suit, thereby depriving Brown of the first-filed benefit unfairly. *See* Def. Mem. at 7.

Defendant has fallen far short of demonstrating the existence of special circumstances. Feinstein claims to have been defamed by Brown as early as April 22, 2002, over sixteen months before he sued Brown. There are allegations of an increasingly acrimonious relationship between the parties during those intervening months. That Brown's August 12, 2003 letter makes oblique reference to the possibility of legal action does not lead inexorably to the conclusion that Plaintiffs' suit was anticipatory. Plaintiffs neither misled Brown into foregoing litigation in order to negotiate a settlement and then filed suit, nor reacted to Brown's notice of imminent filing by "literally sprinting to the courthouse the same day[.]" *See The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F.Supp.2d 12, 16 (D.Mass. 2002) (citations omitted). Plaintiffs were not obligated to continue what, in their view, was a fruitless negotiation before coming to court. There are no special circumstances here that overcome the presumption favoring the first-filed action.

2. *The Balance of Convenience*

■ The first-filed presumption can also be overcome by a showing that the balance of convenience favors the venue of the later-filed action. The factors traditionally weighed in the balance of convenience include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake. *The Holmes Group, Inc.*, 249

F.Supp.2d at 17. Here, it is Brown's burden to demonstrate that the Plaintiffs' choice of forum, Rhode Island, is "substantially more inconvenient" than proceeding in Massachusetts. *See Kleinerman v. Luxtron Corp.*, 107 F.Supp.2d 122, 125 (D.Mass.2000).

■ Brown has not met his burden. The first factor favors Plaintiffs, since they have chosen to litigate in Rhode Island. The next three factors are neutral. There are witnesses and documents in Rhode Island and Massachusetts, both of which have connections to the claims in the case, and the fora are close enough not to implicate concerns of subpoena power or any appreciable inconvenience to either side. It is unclear what law will govern the claims in this case, but since neither party makes an issue of this factor, the Court will not assume that it favors transfer. Finally, there is no state or public interest at stake that would militate in favor of transfer.[3] In sum, Brown has not demonstrated that the balance of convenience so overwhelmingly favors venue in Massachusetts that it overcomes the presumption accorded Plaintiffs by the first-filed rule.

III. *Conclusion*

For the foregoing reasons, Defendant's Motion to Transfer or to Dismiss or Stay[4] this action is DENIED.

IT IS SO ORDERED.

---

**3.** Defendant contends that Feinstein is well-known in Rhode Island, and that his "much-publicized" name is a factor favoring transfer to Massachusetts. Def. Mem. at 7–8. To the extent that such a consideration might affect the "public interest," Feinstein's name recognition, standing alone, is plainly insufficient to tip the balance of convenience in favor of Defendant.

**4.** Defendant's contentions with respect to dismissal or stay are predicated on a finding that his action was first-filed. Since the Court has rejected that position, his arguments in favor of dismissal or stay are moot.