**WORLD ENERGY ALTERNATIVES, LLC, Plaintiff,**

v.

**SETTLEMYRE INDUSTRIES, INC., Defendant.**

**Civil Action No. 09–10480–NMG.**

United States District Court, D. Massachusetts.

Nov. 16, 2009.

216

Shepard Davidson, Victoria L. Walton, Burns & Levinson LLP, Boston, MA, for Plaintiff.

David C. Barrett, Troy A. Callicoat, Barrett, Easterday, Cunningham & Eselgroth, LLP, Dublin, OH, Gail E. Cornwall, Scott R. Magee, John J. Tumilty, Edwards Angell Palmer & Dodge LLP, Boston, MA, for Defendant.

GORTON, District Judge.

This case arises from a contract dispute between Plaintiff World Energy Alternatives, LLC ("World Energy"), a Delaware corporation with its principal place of business in Massachusetts, and Defendant Settlemyre Industries, Inc. ("Settlemyre"), an Ohio corporation. Currently before the Court is Settlemyre's motion to transfer the action to the Southern District of Ohio to be consolidated with a case currently pending before that court.

## I. Background

On or about January 21, 2008, Settlemyre and World Energy entered into a contract whereby Settlemyre agreed to provide World Energy with 630,000 gallons of biodiesel fuel at a cost of $3.45 per gallon to be shipped between February 1 and March 31, 2008 ("the World Energy Contract").

On the same day it contracted with World Energy, Settlemyre entered into an independent contract with E–Biofuels, LLC ("E–Biofuels") for the purchase of 630,000 gallons of biodiesel fuel at $3.28 per gallon ("the E–Biofuels Contract"). The E–Biofuels Contract included a list of quality requirements and specifications that the product had to satisfy before Settlemyre would accept delivery. Although it appears that Settlemyre simply intended to act as a middleman between E–Biofuels and World Energy, Settlemyre's obligations to World Energy were not contingent upon E–Biofuels' performance.

In early February, 2008, E–Biofuels notified Settlemyre that it would be unable to deliver fuel meeting the required specifications. On March 12, 2008, after E–Biofuels' default, Settlemyre sued it for breach of contract in the United States District Court for the Southern District of Ohio.

World Energy alleges that Settlemyre supplied it with only 62,024 gallons of biodiesel fuel during the months of February and March, 2008, and 116,009 gallons thereafter. As a result, World Energy was forced to cover its contract by the purchase of fuel from other sources, causing it to incur $807,740 of additional expenses. Nonetheless, it appears that from March to June, 2008, World Energy con-

tinued to accept deliveries of fuel from Settlemyre beyond the contract period.

In December, 2008, however, World Energy informed Settlemyre that it would no longer accept delivery under the World Energy Contract and, in January, 2009, sent Settlemyre a letter demanding reimbursement for the cost of its cover. In response, on February 4, 2009, Settlemyre filed an amended complaint in its pending action in the Southern District of Ohio, adding World Energy as a defendant and seeking a declaratory judgment setting forth World Energy's rights and remedies under the E–Biofuels Contract.

One month later, on March 5, 2009, World Energy filed the instant action against Settlemyre in the Massachusetts Superior Court Department for Suffolk County, alleging: 1) breach of contract (Count I), 2) breach of the implied covenant of good faith and fair dealing (Count II), 3) promissory estoppel (Count III), 4) negligent misrepresentation (Count IV) and 5) violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A (Count V). Settlemyre removed the action to this Court on March 30, 2009, and now moves to transfer the action to the United States District Court for the Southern District of Ohio and consolidate it with the case currently pending in that court.

## II. *Analysis*

### A. Legal Standard

Section 1404(a) of Title 28 of the United States Code states

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Accordingly, a court must determine first whether the case "might have been brought" in the suggest-ed transferee district and, if so, whether convenience and the interest of justice favor transfer. In making that determination, the Court is mindful that the statute's purpose is

> to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.

*Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (citations omitted). Although the decision to transfer a case under § 1404 lies solely in the discretion of the trial court, there is a strong presumption in favor of the plaintiff's choice of forum and the burden of proof rests with the party seeking transfer. *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F.Supp.2d 12, 16 (D.Mass.2002)

### B. Application

#### 1. The Action Could Have Been Brought In Ohio

In a civil action founded on diversity of citizenship, jurisdiction is proper in any judicial district where a defendant resides. 28 U.S.C. § 1391(a)(1). Settlemyre is an Ohio corporation with its principal place of business in Clinton County, Ohio. Accordingly, the action could have been brought in the Southern District of Ohio.

#### 2. Whether Transfer is Warranted

Transfer of venue to the Southern District of Ohio is appropriate if it would serve the interests of justice. In making that determination, the Court must weigh several factors, including the order in which the Court obtained jurisdiction, the availability of documents, the convenience of parties and witnesses and the possibility of consolidation. *Coady v. Ashcraft*, 223 F.3d 1, 11 (1st Cir.2000).

### a. Applicability of the First–Filed Rule

Under the "first-filed rule,"

[w]here *identical* actions are proceeding concurrently in two federal courts, the first filed action is generally preferred, even if it is a request for a declaratory judgment.

*Holmes Group*, 249 F.Supp.2d at 15 (emphasis added); *see also Cianbro Corp. v. Curran–Lavoie*, 814 F.2d 7, 11 (1st Cir. 1987). Settlemyre contends that the "first-filed rule" weighs in favor of transfer because Settlemyre filed a declaratory judgment against World Energy in Ohio one month before World Energy brought claims against Settlemyre in Massachusetts.

■ The Court disagrees. Because the "first-filed rule" is only implicated when two competing suits are "identical," it is not applicable in the instant situation. In the Ohio action, Settlemyre seeks a declaration "setting forth what, if any, remedies or damages Defendant World Energy [is] entitled to" in the matter "arising out of" Settlemyre's contract with E–Biofuels. In the Massachusetts action, on the other hand, World Energy seeks damages from Settlemyre for its alleged breach of the World Energy Contract. The cases are not identical.

Settlemyre's claim for declaratory relief simply raises questions of World Energy's rights or liabilities under the E–Biofuels Contract, while the complaint here raises wholly separate questions of liability under the World Energy Contract. Although the two contracts were entered into on the same day, World Energy was not a party to the E–Biofuels Contract and Settlemyre's obligations to World Energy are in no way contingent upon E–Biofuels's performance of its contract. Thus, because the two actions do not arise from the "same common nucleus of operative facts,"

the fact that the Ohio action was filed first is inapposite. Accordingly, the burden rests on Settlemyre to demonstrate that convenience and the interest of justice favor transfer.

### b. Convenience and the Interest of Justice

■ In deciding whether Settlemyre has carried its burden of demonstrating that a transfer is warranted, the Court may consider a number of factors, including: 1) the plaintiff's choice of forum, 2) the convenience of the witnesses and location of documents, 3) the law to be applied, 4) the connection between the forum and the issues, 5) the state or public interests at stake and 6) the relative convenience of the parties. *Holmes Group*, 249 F.Supp.2d at 17.

■ As World Energy asserts, a plaintiff's choice of forum weighs strongly against transfer. *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 719 (1st Cir.1996) ("There is a strong presumption in favor of a plaintiff's forum choice"). Accordingly, World Energy's choice of forum in Massachusetts militates in favor of this Court retaining jurisdiction.

The second factor is neutral. Most of the witnesses will be employees of either World Energy or Settlemyre and most of the documents will likely be located at the companies' principal places of business. Because Settlemyre's principal place of business is in Ohio and World Energy's principal place of business is in Massachusetts, the convenience of the witnesses and availability of documents weighs neither in favor of nor against transfer.

With respect to the applicable law, the World Energy Contract requires the application of Massachusetts law whereas the E–Biofuels Contract requires the application of Ohio law. World Energy contends

that transferring the case to Ohio would create a "real risk of confusion" for the Ohio court. However, because both Massachusetts and Ohio have adopted Article Two of the Uniform Commercial Code, either court could be expected to apply the same legal standards. Familiarity with applicable law, therefore, is a neutral factor.

Both the connection with the forum and public interest factors are also neutral. The lawsuit is equally "connected" to both Massachusetts and Ohio through the nexus of one party to each state and there does not appear to be any public interest that applies in one state but not the other. *See Holmes Group,* 249 F.Supp.2d at 18.

Finally, because World Energy's claims against Settlemyre are unrelated to the claims and defenses in Settlemyre's suit against E–Biofuels, it will take much longer for World Energy to obtain a judgment if its claims are consolidated with the Settlemyre/E–Biofuels dispute. Because the potential delay poses a major inconvenience and expense to World Energy, this final factor weighs against transfer.

In sum, because the Court accords significant deference to the plaintiff's choice of forum and the other relevant factors are either neutral or tilt towards the Massachusetts venue, the Court concludes that Settlemyre has not met its burden of showing that considerations of justice and convenience warrant transfer to Ohio.

## ORDER

In accordance with the foregoing, Defendant's motion to transfer (Docket No. 5) is **DENIED**.

**So ordered.**