[No. 9,369.    Department One.—May 29, 1884.]

# CALIFORNIA SOUTHERN RAILROAD COMPANY, RESPONDENT, v. SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

EMINENT DOMAIN—RAILROAD—FENCES AND CATTLE GUARDS—BOND.—The action was brought to condemn a right of way for a railroad, and the plaintiff was adjudged to pay eleven thousand nine hundred and fifty-four dollars as the cost of fences and cattle-guards. Instead of paying the money, the plaintiff elected to give a bond, under section 1251 of the Code of Civil Procedure, which required that the bond should be executed with sureties approved by the court in double the amount assessed. The bond was signed by four sureties in the sum of six thousand dollars each. *Held*, that the bond was insufficient.

ID.—AMENDED BOND—POWER OF COURT.—The court allowed an amended bond to be filed after the expiration of thirty days from the rendition of the judgment. *Held*, that the court exceeded its power, and that the bond was ineffectual.

APPEAL from an order of the Superior Court of San Diego County releasing a levy, recalling an execution, and granting leave to file an amended bond.

The facts appear in the opinion of the court and in the head-notes.

*A. B. Hotchkiss*, for Appellant.

There is only one surety to the bond. Four persons sign for six thousand dollars each; this makes but *one* surety for twenty-four thousand dollars.

The amended bond, *nunc pro tunc*, amounts simply to filing a new bond, sixty-five days after final judgment. (*De Castro* v. *Richardson*, 25 Cal. 49; *Hegeler* v. *Henckell*, 27 Cal. 491.)

*M. A. Luce*, for Respondent.

The statute only requires a bond with *sureties* to be *approved* by the *court* in double the amount assessed. It does not require a *bond* for double the amount, but that the sureties should be in double the amount.

Admitting the bond to be defective, yet the court having approved it, there can be no question as to the power of the court to allow the filing of the amended bond.

Ross, J.—In an action by the plaintiff against the defendant for the condemnation of a right of way over certain lands of the defendant, the court below, after trial had, gave plaintiff judg-

ment of condemnation upon the payment to defendant of the value of the land taken, and defendant's judgment against the plaintiff in the amount assessed for the cost of fences and cattle-guards along the line of the plaintiff's road, with a provision in the judgment that unless plaintiff should, within thirty days, elect to build the fences and cattle-guards, and execute to the defendant a bond with sureties, to be approved by the court, in double the assessed cost of the same, to build such fences and cattle-guards, then defendant should have execution for the amount adjudged it, to wit, for the sum of eleven thousand nine hundred and fifty-four dollars. In so providing, the court below proceeded under section 1251 of the Code of Civil Procedure, which reads: "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed; but may, at the time of or before payment, elect to build the fences and cattle-guards, and if he so elect, shall execute to the defendant a bond, with sureties to be approved by the court, in double the assessed cost of the same, to build such fences and cattle-guards within eighteen months from the time the railroad is built on the land taken, and if such bond be·given, need not pay the cost of such fences and cattle-guards." . . . . It is contended by appellant's counsel that this provision of the Code of Procedure has been abrogated by section 14 of article i. of the present Constitution. But in this case it is not necessary to decide that point, for the reason that the bond executed by the plaintiff within the time mentioned in the statute, as well as in the judgment, was insufficient. Without reference to any other objection made to that bond, it was insufficient in that there was, in the aggregate, but one surety in double the assessed cost of the fences and cattle-guards.·

The bond authorized by the statute and judgment not having been given within the time required, the defendant was entitled to an execution to enforce the payment of the amount adjudged it. What is called in the record the "amended bond," was unauthorized either by the judgment or statute.

Order reversed.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.