STATE OF MAINE  
KENNEBEC, ss

RECEIVED AND FILED
KENNEBEC ... ... ... .. .T

2007 JAN 24 P 12: 08

CLERK OF COURTS

SUPERIOR COURT  
CRIMINAL ACTION  
DOCKET NO. CR-06-855  
NM - KEN - 1/24/2007

STATE OF MAINE

v.

ALBERT DUMAS,

        Defendant

ORDER ON DEFENDANT'S  
MOTION TO SUPPRESS

The State stipulates that the defendant's statements made on August 14 and August 15, 2006 are not admissible in its case-in-chief. The defendant seeks to suppress statements made by the defendant on August 18, 2006. For the following reasons, the motion is granted in part.

FINDINGS

Augusta Police Department Detective Danny Boivin attempted to interview the defendant on August 14, 2006. Maine State Police Detective Christopher Tupper was present. See State's Ex. 18. Det. Boivin read the Miranda warnings to the defendant, who stated that he understood each paragraph. See Def.'s Ex. 1. Det. Boivin then asked the defendant if he was willing to talk to the officer. The defendant replied, "Not really. I have nothing to say." Later during the same interview, the Detective asked the same question and the defendant replied, "Not really, no . . . I just keep thinking I should not do anything until I talk to a lawyer."

Detective Boivin also asked the defendant during this interview if he would consent to a search of his body. The defendant stated that he would not do anything without speaking with his attorney. Def.'s Ex. 2. The police later obtained a search warrant to search the defendant's body. While waiting for a suspect kit to be delivered, the defendant asked when he would speak to an attorney.

1

During a second attempt to interview the defendant on August 15, 2006, Detective Boivin began to read the <u>Miranda</u> warnings again. Detective Boivin was interrupted by the defendant, who stated that he thought he was clear before that he did not want to answer questions until he had talked to an attorney.

The defendant's father called Detective Boivin for assistance in retrieving the defendant's car from the wrecker company. On August 18, 2006, Detective Boivin spoke on the telephone to the defendant, who was in jail. <u>See</u> State's Ex. 5. After discussing the paperwork needed for the car and the defendant's wallet, the defendant asked Detective Boivin to contact Detective Tupper and tell him the defendant wanted to speak to Detective Tupper as soon as possible. Detective Boivin relayed that message to Detective Tupper.

Detective Tupper met with the defendant at the jail on August 18, 2006. The interview was recorded, except for several minutes when the tape recorder was turned off at the defendant's request. While the tape was turned off, the defendant discussed his intent to kill himself. He did not want the jail personnel to know about that intent because he wanted to avoid the safety measures the jail would implement. <u>See</u> State's Ex. 2.

Detective Tupper confirmed that he was there at the defendant's request. Detective Tupper asked if the defendant had an attorney and the defendant replied that he was in the process of getting one. He had filed the paperwork but did not know what was going on. Before <u>Miranda</u> was read, Detective Tupper asked the defendant if he wanted to talk about the pending case. The defendant stated that he did not want to talk about the pending case and that was not why the defendant wanted to meet with Detective Tupper. The defendant stated that he was looking for help. Detective Tupper read the <u>Miranda</u> warnings and the defendant acknowledged he understood his rights.

Again, Detective Tupper asked the defendant if he wanted to answer questions and the defendant again stated he did not want to talk about his case.

The defendant then discussed at length his desire to get out of jail, his belief that a prison sentence did not accomplish anything, and his interest in working for the police as an informant. See State's Ex. 17. During the interview, Detective Tupper asked questions about the defendant's previous case involving a victim named Heather. Detective Tupper also asked questions about the pending case, generally prefacing those questions with the warning that the defendant should answer those questions at his discretion.

Toward the end of the interview, Detective Tupper suggested to the defendant that he knew what the Detective wanted to talk about the next time they met. The defendant replied, "as soon as I get a lawyer". He stated he had no problem talking to Detective Tupper but every time, the defendant says something he should not say. He said he was trying to protect himself.

CONCLUSIONS

On August 14 and 15, 2006, after Miranda, the defendant was clear that he did not want to do anything, which included answering questions, without an attorney. On August 18, 2006, the defendant requested to speak to Detective Tupper. Later on August 18, 2006, the defendant stated that he had filed the paperwork for a lawyer but did not know what was happening with his request. After Miranda, the defendant was clear that he did not want to answer questions about his pending case.

The defendant was under arrest and in custody during all conversations with the police. See State v. Holloway, 2000 ME 172, ¶ 13, 760 A.2d 223, 228. "To constitute a valid waiver [of Miranda rights], a defendant's conduct must amount to an 'intentional relinquishment or abandonment of a known right or privilege.' " The State must prove

"a knowing, intelligent, and voluntary waiver of Miranda rights by a preponderance of the evidence." State v. Coombs, 1998 ME 1, ¶ 15, 704 A.2d 387, 392.

Because the defendant requested the meeting with Detective Tupper on August 18, nothing prohibited the Detective from meeting with the defendant without counsel present and "from merely listening to [the defendant's] voluntary, volunteered statements and using them against him at trial." Edwards v. Arizona, 451 U.S. 477, 484-86 (1981); State v. Rose, 604 A.2d 24, 27 (Me. 1992). Even though the defendant requested to speak to Detective Tupper, the State must prove that the defendant waived the rights he previously invoked. See U.S. v. Campbell, 805 F. Supp. 1379, 1387 (W.D. Tex. 1992). On this record, the State has not proved a knowing, intelligent, and voluntary waiver by the defendant of his Miranda rights on August 18. Detective Tupper was not, therefore, permitted to conduct a custodial interrogation of the defendant without counsel present. See Edwards, 451 U.S. at 486; U.S. v. Massey, 550 F.2d 300, 308 (5th Cir. 1977).

The entry is

> The Defendant's Motion to Suppress is granted as follows: statements made by the defendant on August 14 and 15, 2006 are not admissible in the State's case-in-chief; statements made by the defendant on August 18, 2006 in response to Detective Tupper's questions are not admissible in the State's case-in-chief.

Date: January 23, 2007

Nancy Mills
Justice, Superior Court

4

STATE OF MAINE
    vs
ALBERT DUMAS
LEIGHTON ROAD BOX 24
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2006-00855

**DOCKET RECORD**

DOB: 08/24/1972
Attorney: PAMELA AMES
          LAW OFFICE OF PAMELA J AMES
          237 MAIN STREET
          WATERVILLE ME 04901
          APPOINTED 08/17/2006

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 08/15/2006

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1  **KIDNAPPING (OTHER ENHANCEMENT)**          08/13/2006 AUGUSTA
**Seq 7978  17-A  301(1)(A)(3)**        **Class A**


2  **GROSS SEXUAL ASSAULT**                    08/13/2006 AUGUSTA
**Seq 4262  17-A  253(1)(A)**           **Class A**


3  **TERRORIZING**                             08/13/2006 AUGUSTA
**Seq 4258  17-A  210(1)(A)**           **Class D**


4  **SEXUAL ABUSE OF MINOR**                       08/13/2006 AUGUSTA
**Seq 8392  17-A  254(1)(A-2)**         **Class C**  Charged with INDICTMENT on Supplem


5  **GROSS SEXUAL ASSAULT**                        08/13/2006 AUGUSTA
**Seq 4262  17-A  253(1)(A)**           **Class A**  Charged with INDICTMENT on Supplem


6  **SEXUAL ABUSE OF MINOR**                       08/13/2006 AUGUSTA
**Seq 8392  17-A  254(1)(A-2)**         **Class C**  Charged with INDICTMENT on Supplem


## Docket Events:

08/15/2006 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/15/2006

08/15/2006 Charge(s): 1,2,3
           HEARING -  INITIAL APPEARANCE SCHEDULED FOR 08/16/2006 @ 1:00

           NOTICE TO PARTIES/COUNSEL
08/16/2006 Charge(s): 1,2,3
           HEARING -  INITIAL APPEARANCE HELD ON 08/16/2006 @ 1:00
           NANCY  MILLS , JUSTICE
           Attorney:  DAVID CROOK
           DA:  STEVEN PARKER

Defendant Present in Court

ELECTRONIC RECORDING
08/16/2006 Charge(s): 1,2,3
PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 08/16/2006

08/16/2006 Charge(s): 1,2,3
HEARING -  STATUS CONFERENCE SCHEDULED FOR 11/28/2006 @ 8:00

08/16/2006 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/16/2006

08/17/2006 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/17/2006

COPY TO PARTIES/COUNSEL
08/17/2006 Party(s):  ALBERT DUMAS
ATTORNEY -  APPOINTED ORDERED ON 08/17/2006

Attorney:  PAMELA AMES
09/11/2006 Charge(s): 1,2,3
HEARING -  STATUS CONFERENCE NOT HELD ON 09/11/2006

09/11/2006 Charge(s): 1,2,3,4,5,6
SUPPLEMENTAL FILING -  INDICTMENT FILED ON 09/08/2006

09/11/2006 Charge(s): 1,2,3,4,5,6
HEARING -  ARRAIGNMENT SCHEDULED FOR 09/26/2006 @ 8:00

09/11/2006 Charge(s): 1,2,3,4,5,6
HEARING -  ARRAIGNMENT NOTICE SENT ON 09/11/2006

09/12/2006 BAIL BOND - $1,000,000.00 SURETY BAIL BOND SET BY COURT ON 08/16/2006

09/12/2006 BAIL BOND - $500,000.00 CASH BAIL BOND SET BY COURT ON 08/16/2006

09/27/2006 Charge(s): 1,2,3,4,5,6
HEARING -  ARRAIGNMENT HELD ON 09/26/2006
NANCY  MILLS , JUSTICE
Reporter: JANETTE COOK
Defendant Present in Court

READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.  21 DAYS TO FILE MOTIONS
09/27/2006 Charge(s): 1,2,3,4,5,6
PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 09/26/2006

09/27/2006 BAIL BOND - $500,000.00 CASH BAIL BOND CONTINUED AS SET ON 09/26/2006

09/27/2006 BAIL BOND - $1,000,000.00 SURETY BAIL BOND CONTINUED AS SET ON 09/26/2006

10/10/2006 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 10/10/2006

CERTIFIED COPY TO SHERIFF DEPT.
10/24/2006 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 09/26/2006

10/24/2006 MOTION - $4,000.00 MOTION FOR FUNDS GRANTED ON 09/29/2006

       COPY TO PARTIES/COUNSEL
10/24/2006 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 10/24/2006

10/24/2006 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 10/24/2006

10/24/2006 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/24/2006

10/24/2006 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/24/2006

10/26/2006 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 10/26/2006

       COPY TO PARTIES/COUNSEL
10/26/2006 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 12/07/2006 @ 8:00

       NOTICE TO PARTIES/COUNSEL
10/26/2006 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/05/2006 @ 8:00

       NOTICE TO PARTIES/COUNSEL
10/26/2006 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 12/05/2006 @ 8:00

       NOTICE TO PARTIES/COUNSEL
12/26/2006 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/27/2006 @ 9:00

       NOTICE TO PARTIES/COUNSEL
12/27/2006 MOTION - MOTION FOR ADDITIONAL FUNDS FILED BY DEFENDANT ON 12/21/2006

12/27/2006 MOTION - $500.00 MOTION FOR ADDITIONAL FUNDS GRANTED ON 12/27/2006
       NANCY MILLS , JUSTICE
       COPY TO PARTIES/COUNSEL
01/04/2007 TRIAL - DOCKET CALL SCHEDULED FOR 02/06/2007 @ 8:30

01/24/2007 HEARING - MOTION TO SUPPRESS HELD ON 12/27/2006

01/24/2007 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 12/07/2006

01/24/2007 MOTION - MOTION TO SUPPRESS STATEMENT GRANTED ON 01/24/2007

       COPY TO PARTIES/COUNSEL                   MOTION TO
       SUPPRESS IS GRANTED AS FOLLOWS, STATEMENTS MADE BY THE DEFENDANT ON AUGUST 14 AND 15 ARE
       NOT ADMISSIBLE IN THE STATE'S CASE-IN-CHIEF, STATEMENTS MADE BY THE DEFENDANT ON AUGUST
       18, 2006 IN RESPONSE TO DETECTIVE TUPPER'S QUESTIONS ARE NOT ADMISSIBLE IN THE STATE'S
       CASE IN CHIEF

A TRUE COPY
ATTEST: _____
          Clerk

                        Printed on: 01/24/2007