Kelly v. Omni Lingual Services, et al 07-CV-157-SM  09/06/07
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Nataly Kelly,
    Plaintiff

    v.                                    Civil No. 07-cv-157-SM
                                        Opinion No. 2007 DNH 108
Omni Lingual Services, Inc.
d/b/a NetworkOmni,
and Manuel Mendoza,
    Defendants


**O R D E R**


Nataly Kelly brings suit against Omni Lingual Services, Inc., doing business as NetworkOmni ("Omni" or "the Company") and Omni's Executive Vice President, Manual Mendoza.  Kelly asserts claims of copyright infringement and a host of related state law claims.  Kelly also seeks a declaratory judgment.  Omni moves to dismiss (document no. 17), arguing that Kelly has failed to allege facts that, if true, would support a claim of copyright infringement, and that this court lacks subject matter jurisdiction.  Mendoza separately moves to dismiss (document no. 18), arguing that this court lacks personal jurisdiction over him.  Kelly objects.

## Background

The facts, taken from the pleadings and construed in the light most favorable to Kelly are as follows.

Kelly is a widely-known scholar in the field of sociolinguistic research. In 2004 she began working with Omni as a consultant from her residence in Nashua, New Hampshire. At the time she began working for Omni, she advised the Company that she was writing a book entitled <u>Telephone Interpreting: A Comprehensive Guide to the Profession</u> ("the book"), on her own time, and without any involvement of Omni or Omni's staff. Kelly is the sole author of the book. By February of 2005, Kelly was engaged in negotiations with Multilingual Matters, Ltd. ("MML"), to publish and distribute her book.

In May of 2005, Kelly was hired by Omni as a full-time employee to work as a Senior Product Development Manager. She gave Omni assurances that her writing pursuits would not interfere with her job responsibilities. Kelly continued to work from her home in Nashua, New Hampshire. Kelly also signed an Employee Confidentiality & Inventions Agreement which provided that Omni would be the owner of any "works of authorship, inventions, discoveries, developments, improvements, designs,

2

ideas, innovations, inventions, formulas, processes, techniques, know-how, and data" that she might develop during the course of her employment.  See Compl. (document no. 1), Ex. 2 ¶ 6.

Kelly completed her book in October of 2006 and, as a courtesy, sent a copy of the completed manuscript to Omni's Chief Executive Officer, George Ulmer.  Kelly also offered to feature Omni on the cover of the book alongside a photograph of one of the company's telephone interpreters.

Later in 2006, Kelly complained to Omni's human resources department about allegedly inappropriate and discriminatory conduct by Mendoza and other Company employees.  Shortly thereafter, Mendoza began to claim that Omni owned the copyright in Kelly's book.  Despite Kelly's continued discrimination complaints, the Company did not take corrective action.  Accordingly, Kelly submitted a letter of resignation on March 21, 2007, with an effective date of April 5, 2007.  But, she sought to withdraw her resignation by e-mail dated March 26, 2007.  Omni refused to accept the withdrawal, and Kelly's employment was terminated on April 5, 2007.

Kelly's book was scheduled for release on May 18, 2007. On April 10, 2007, however, Omni sent MML a cease and desist letter, claiming the copyright was owned by Omni and that the book contained confidential and proprietary information. That letter caused MML to suspend publication of the book until the ownership issues could be resolved. On May 21, 2007, Kelly filed an application for and was granted copyright pre-registration.

Kelly filed suit in this court on May 23, 2007, asserting claims of copyright infringement (Count I), unfair business practices (Count II), intentional interference with contractual relations (Count IV), breach of contract (Count VI), conversion (Count VII), wrongful discharge (Count VIII), and constructive discharge (Count IX) against Omni, as well as intentional interference with contractual relations (Count V) against Mendoza. Kelly also seeks a declaratory judgment that she is the sole owner of the copyright in her book (Count III).

## Discussion

Mendoza moves to dismiss the claim against him, arguing that this court lacks personal jurisdiction. See FED. R. CIV. P. 12(b)(2). Omni moves to dismiss on grounds that Kelly has failed to state a viable copyright infringement claim, see FED. R. CIV.

4

P. 12(b)(6), and that absent the federal copyright claim, this court lacks subject matter jurisdiction over the remaining claims.[1]  See FED. R. CIV. P. 12(b)(1).  Omni also moves to dismiss on grounds that venue in this district is improper.  See 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).  Alternatively, Omni seeks transfer of the case to the Central District of California.

Because venue is not proper, and because improper venue is dispositive, the court declines to reach defendants' other grounds.

I.    Improper Venue

The applicable federal venue statute provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

_____

[1] Omni also argues that Kelly's request for declaratory judgment does not raise a federal issue and therefore is not a sufficient basis upon which to exercise federal jurisdiction. See Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 5 ("[i]n order to gain access to a federal forum, a litigant must allege particulars which raise some substantial federal issue").

action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  In addition, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  When a defendant challenges venue, the burden falls on the plaintiff to demonstrate that venue is proper.  See Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1206 (D.N.H. 1992) (citing Lex Computer & Mgmt. Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 406 (D.N.H. 1987)).

Omni is a resident of California.  See Compl. (document no. 1) ¶ 2; Compl., Ex. 2 (recitals in Agreement noting that Omni is a California corporation).  Thus, venue in the District of New Hampshire may not be grounded on 28 U.S.C. § 1391(b)(1) which points, instead, toward the Central District of California.  In considering where "a substantial part of the events or omissions giving rise to the claim occurred," see id. at § 1391(b)(2), the court looks "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the

claim." <u>Uffner v. La Reunion Francaise, S.A.</u>, 244 F.3d 38, 42 (1st Cir. 2001). In this case, virtually all of the conduct giving rise to Kelly's claims occurred in California. Omni acted in California, its letter asserting copyright ownership originated in California, the alleged discrimination occurred in California, and the decision not to accept Kelly's withdrawal of her resignation, which Kelly alleges amounts to wrongful termination of her employment, also originated in California. Thus, venue in New Hampshire is not properly grounded on 28 U.S.C. § 1391(b)(2), which also points toward the Central District of California. And, because venue in the Central District of California is proper under both §§ 1391(b)(1) and 1391(b)(2), venue in the District of New Hampshire may not be grounded on 28 U.S.C. § 1391(b)(3).

## Conclusion

Because venue is not proper in the District of New Hampshire, but does lie in the Central District of California, the case shall be transferred there. Omni's motion (document no. 17) is, therefore, granted to the extent it moves the court to transfer this case to the Central District of California. In all other respects, it is denied, without prejudice to refiling. Mendoza's motion to dismiss for lack of personal jurisdiction

7

(document no. 18) is denied as moot.  The Clerk of Court shall transfer this case to the Central District of California.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 6, 2007

cc:  Lauren S. Irwin, Esq.
     Pamela A. Smith, Esq.
     Jeffrey S. Brody, Esq.
     Matthew A. Porter, Esq.

8